ARNETT v ARNETT

Docket No. 45994. Submitted April 1, 1980, at Lansing.—Decided
    June 17, 1980.

Ella Arnett filed an action under the family support act in
    Jackson Circuit Court, alleging Daniel Arnett was her husband
    and the father of her three children and that he was financially
    able to provide child support. Daniel Arnett offered no defen-
    sive pleading, but appeared for the hearing. Gordon W. Britten,
    J., requested Mrs. Arnett's counsel to adduce proof of the
    parties' marriage and of Mr. Arnett's paternity, and, upon
    counsel's decline to do so, dismissed the cause for lack of
    jurisdiction to grant relief. *Held:*

    1. When no defensive pleading is offered, the claim or demand
    of the opposing party stands admitted, and judgment by default
    may be entered upon proof of damages.

    2. Mrs. Arnett's counsel should have been permitted to cross-
    examine Mr. Arnett on the issue of his financial ability to
    provide child support, without first having to prove the parties'
    marriage and Mr. Arnett's paternity.

    Reversed and remanded.

1. PARENT AND CHILD — STATUTES — FAMILY SUPPORT ACT — CHILD
    SUPPORT — PROCEDURE — COMMENCEMENT OF ACTIONS — LEG-
    ISLATIVE INTENT.

    The fact that under the family support act proceedings are to be
    commenced by the filing of a verified complaint rather than a
    complaint accompanied by a supporting affidavit of facts and
    the complaint is to be heard in the manner of a motion
    demonstrates a legislative intent to provide an expeditious
    procedure for obtaining orders for child support (MCL 552.451,
    552.452; MSA 25.222[1], 25.222[2]).

2. PLEADING — JUDGMENTS — DEFAULT — ADMISSIONS — LACK OF
    DEFENSIVE PLEADINGS — PARTIES.

    A claim or demand of an adversary stands admitted and judg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 145.
[2] 47 Am Jur 2d, Judgments §§ 1152, 1166.
[3] 56 Am Jur 2d, Motions, Rules, and Orders §§ 18, 22-26.

ment by default may be entered upon proof of damages when no defensive pleading is offered (GCR 1963, 520.1, 520.2).

3. PARENT AND CHILD — STATUTES — FAMILY SUPPORT ACT — HEAR-INGS — PROCEDURE — TRIAL COURT — TESTIMONY — WIT-NESSES.

The family support act directs that a hearing on a complaint proceed in the same manner as a hearing on a motion, thus a trial court may, in its discretion, take testimony of witnesses (MCL 552.452; MSA 25.222[2]).

*James O. Marks,* for plaintiff.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

M. J. KELLY, J. Plaintiff filed an action under the family support act, MCL 552.451 *et seq.;* MSA 25.222(1) *et seq.,* for support. The complaint is a form, presumably prepared by the prosecutor's staff or the Jackson County Department of Social Services, with blanks filled in by a typewriter, except for the signatures of the plaintiff, an assistant prosecuting attorney, and a notary public. A copy of it in its entirety is attached as Appendix "A".

Defendant was personally served with the complaint, summons, and notice of hearing on May 16, 1979, and the hearing was set for June 22, 1979. Defendant filed no answer to the complaint but did appear in response thereto for the hearing. The assistant prosecutor read material portions of plaintiff's complaint and requested that the defendant be placed under oath so that he could be examined regarding his ability to pay support. The record is silent as to whether or not the plaintiff appeared at the hearing. The trial court instructed the prosecutor to adduce proof of the marriage

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

between the parties and the paternity of the children before going into the question of ability to pay. We are not informed as to whether this was a *Serafin* issue, *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), or just a preference of the trial court. We are not enlightened as to whether this proof was to be supplied by placing the plaintiff under oath or by calling the defendant for cross-examination on the matter. In any event, counsel declined the court's request. The trial court then dismissed the cause with the following order:

"This cause having been brought on pursuant to the complaint of the plaintiff, Ella Arnett, alleging that the defendant, Daniel Arnett, has failed to contribute to the support of his minor children and the matter set for hearing, and plaintiff's counsel having been requested by the Court to go into the matter whether the plaintiff and defendant were married and children born of that marriage before establishing ability to pay, and counsel having refused to establish a right to support from the defendant by questioning of the defendant prior to establishing his ability to pay, and the Court therefore being without jurisdiction to grant relief, and the Court being fully informed in the premises;
"IT IS HEREBY ORDERED that this cause be dismissed."

Although the order seems to telegraph a *Serafin* issue by the words "establish a right to support from the defendant by questioning of the defendant", it would be clear error to preclude the plaintiff herself from giving such testimony. So we are left with a bundle of surmises. Was the plaintiff uncooperative and/or unavailable? Was the defendant, though in default, unlettered, unrepresented? Was the defendant denying paternity? Were court and counsel involved in a procedural

contest? Were court and counsel desirous of an appellate court precedent on the matter?

It is such a tempest in a teapot that we are engaged in what amounts to a declaratory proceeding, but we will declare.

The family support act provides in part:

"Any married woman, who has a minor child or children living with her and who is living separate and away from the father of the children, where the father fails to provide necessary shelter, food, care and clothing for them, if of sufficient ability to provide them, may complain to the circuit court of the county where she or the father resides for an order for support for herself and the minor child or children. *The proceedings shall be commenced by the filing of a complaint verified by the petitioner and by issuance of a summons which shall be personally served upon the father* of the children and husband of the petitioner. No complaint shall be filed nor shall any summons issue if divorce or separate maintenance proceedings are then pending between the petitioner and her husband." (Emphasis added.) (MCL 552.451; MSA 25.222[1].)

*"Upon hearing of complaint, in the manner of a motion, the court may enter such order as it deems proper, for the support of the petitioner and the minor child or children of the parties.* The order shall provide that all payments shall be made to the friend of the court. *If the father opposes the entry of the order upon the ground that he is without sufficient ability to provide necessary shelter, food, care and clothing for his wife and children, the burden of proving such lack of ability shall be upon him.* The order shall state in separate paragraphs the amount of support for the wife until the further order of the court, and the amount of support for each child until each child reaches the age of 18 years or until the further order of the court. In unusual circumstances the court may order support for such child after he reaches the age of 18 years and until he reaches the age of 21 years, or until the further order of the court." (Emphasis added.) (MCL 552.452; MSA 25.222[2].)

The fact that the act requires filing of a verified complaint rather than a complaint accompanied by a supporting affidavit of facts, and that the complaint be heard in the manner of a motion demonstrates a legislative intent to provide an expeditious procedure for obtaining child support orders.

Plaintiff's complaint alleged that defendant was her husband and the father of her children and that he was financially able to provide child support although his place of employment and average weekly earnings were listed as "unknown". Defendant did not file an answer to plaintiff's complaint. When no defensive pleading is offered, the claim or demand of the opposing party stands admitted, and judgment by default may be entered upon proof of damages in the usual case. GCR 1963, 520.1-520.2, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 658-659. Because plaintiff's allegations were admitted, and, therefore, not at issue before the court, the court certainly could have accepted as fact the marriage and paternity information submitted under oath in her verified complaint. It probably had some good reason, but it is not revealed in the record.

On the other hand, examination into defendant's financial status was necessary, despite his failure to respond to the complaint. The situation here is analogous to an entry of a default judgment which requires the court's investigation into the matter in order to arrive at a sum certain, due and payable to plaintiff. See GCR 1963, 520.2(2).

The family support act directs that the hearing on the complaint proceed in the same manner as a hearing on a motion, which means that the trial court may, in its discretion, take testimony of witnesses. *Case v City of Saginaw,* 291 Mich 130;

288 NW 357 (1939). Defendant in the instant case was present at the hearing, and his testimony was essential to determine an appropriate amount of support based upon his income, due to his failure to supply this information in a responsive pleading. The prosecutor should have been permitted to cross-examine defendant on the issue of his ability to pay, but without having to first prove the items in plaintiff's verified complaint pertaining to the marriage of the parties, dependents, and paternity.

The trial court's dismissal of plaintiff's complaint is reversed, and the cause remanded for hearing solely on the issue of defendant's ability to provide necessary support.

Reversed and remanded.

## APPENDIX "A"

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

ELLA ARNETT,
        Plaintiff

vs

DANIEL ARNETT,
        Defendant

COMPLAINT FOR SUPPORT
File No. 78-015543 DS

Plaintiff alleges:

### I

Plaintiff resides in Jackson County, Michigan

## II

Plaintiff and Defendant were married on 9-15-73 at FITCHBURG, MICHIGAN by a MINISTER, and are still married, but have been living separate and apart since on or about 5-3-78.

## III

Plaintiff states that to her knowledge and belief there is not presently pending any divorce or separate maintenance proceeding between Plaintiff and Defendant.

## IV

Plaintiff is the mother and Defendant is the father of the following named dependents:

| | | |
|---|---|---|
| CHASSIDY ARNETT | , born | 11-26-73 |
| ANGELA ARNETT | , born | 4-1-75 |
| RHONDA ARNETT | , born | 6-14-76 |
| _____ | , born | _____ |
| _____ | , born | _____ |
| _____ | , born | _____ |

That said dependent(s) reside(s) with Plaintiff and is/are dependent upon her for care and maintenance.

## V

Defendant is of sufficient ability to provide support for his children. That he is employed at UNKNOWN with an average weekly earnings of UNKNOWN.

VI

The minor children are in need and entitled to reasonable and necessary support from Defendant, and Defendant has refused and neglected and continues to refuse and neglect to provide support for said minor children.

VII

Plaintiff is a recipient of Public Welfare and is represented by the Prosecuting Attorney for Jackson County as authorized under the laws of the State of Michigan.

VIII

Plaintiff believes that Defendant will not provide necessary support for said minor children except under order of a court of competent jurisdiction. The Jackson County Department of Social Services had determined that the Plaintiff is eligible for public assistance. WHEREFORE, Plaintiff prays that the Defendant be ordered to pay a reasonable sum for the support of the minor children.

s/Ella Arnett
_____
Plaintiff
ELLA ARNETT

s/James O. Marks
_____
JAMES O. MARKS (P25747)
Assistant Prosecuting Attorney
950 West Monroe
Jackson, MI. 49202

STATE OF MICHIGAN    )
                    ) ss
COUNTY OF JACKSON    )

On this 11 day of  October , 19 78, before me personally came the above-named Ella Arnett and made oath that she has herself read the foregoing Complaint by her subscribed, and knows the contents thereof, that the same is true of her own knowledge, except as to the matters which are therein stated to be of her information and belief, and as to those matters she believes is to be true.

                    s/Kathleen E. Deeds

                    KATHLEEN E. DEEDS (EATON CO.)
                    Notary Public, Jackson Co., MI.
                    My commission expires:

                    KATHLEEN E. DEEDS
                    NOTARY PUBLIC, EATON CO., MICH
                    MY COMMISSION EXPIRES 8-31-82