## MACOMB COUNTY DEPARTMENT OF HUMAN SERVICES v ANDERSON

Docket No. 313951. Submitted April 9, 2014, at Detroit. Decided April 15, 2014, at 9:10 a.m.

The Macomb County Department of Human Services (DHS) and Jessica Glambin filed a complaint in the Macomb Circuit Court, Family Division, against Keith Anderson, seeking child support for Glambin's minor child. The complaint alleged that Anderson did not live with the child but had acknowledged that he was the father. The complaint also alleged that Anderson had the ability to provide support for the child. A default was entered against Anderson for his failure to respond to the summons and complaint. The DHS and Glambin filed a motion for a default judgment. At the hearing on the motion, an assistant prosecuting attorney was present on behalf of the DHS but Glambin and Anderson failed to appear. The trial court, Tracey A. Yokich, J., noting Glambin's failure to appear at the hearing, declined the request to order child support and dismissed the matter without prejudice. The court thereafter denied a motion for reconsideration by the DHS and Glambin. The DHS and Glambin appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion when it denied the motion for reconsideration. There was no dispute regarding custody of the child at the time of the default hearing. Because Anderson failed to respond to the allegations in the verified complaint by the DHS and Glambin, the allegations contained therein, including that custody was not in dispute, are considered true. Even if there was a custody dispute, MCL 552.452(4) provides for the issuance of a support order even if there is a custody dispute.

2. MCL 552.452(1) does not require a custodial parent to appear at a hearing on a complaint for support in order for a trial court to enter an order of support. The trial court erred when it dismissed the complaint on the basis of Glambin's failure to appear at the hearing on the motion for a default judgment. The order dismissing the claim is vacated and the case is remanded to the trial court for further proceedings.

Vacated and remanded.

1. PARENT AND CHILD — FAMILY SUPPORT ACT — CHILD SUPPORT — ACTIONS.

   The Family Support Act permits actions for child support against a
   noncustodial parent by either a custodial parent or the appropriate
   county department of social services if the child is supported by
   public assistance; the prosecuting attorney shall act as the attor-
   ney for the petitioner in such actions (MCL 552.451b; MCL
   552.454(1)).

2. PARENT AND CHILD — FAMILY SUPPORT ACT — CHILD SUPPORT — CUSTODY
   DISPUTES.

   Section 2(4) of the Family Support Act provides for the issuance of a
   child support order even if there is a custody dispute (MCL
   552.452(4)).

3. PARENT AND CHILD — FAMILY SUPPORT ACT — CHILD SUPPORT — HEARINGS —
   PRESENCE OF CUSTODIAL PARENT.

   Nothing in the plain language of § 2(1) of the Family Support Act
   requires a custodial parent to appear at a hearing on a complaint
   for child support under the act (MCL 552.452(1)).

*Eric J. Smith*, Prosecuting Attorney, *Kathleen Quig-
ley*, Chief of Federal Division, and *Beth Naftaly Kirsh-
ner*, Assistant Prosecuting Attorney, for the Macomb
County Department of Human Services and Jessica
Glambin.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY,
JJ.

PER CURIAM. Plaintiffs, Macomb County Department
of Human Services (DHS) and Jessica Glambin
(Glambin), appeal as of right an order dismissing plain-
tiffs' claim against defendant, Keith Anderson, in this
child support enforcement action brought under the
Family Support Act, MCL 552.451 *et seq.* Finding that
the trial court erred by dismissing the action for
Glambin's failure to appear at the evidentiary hearing
on plaintiffs' motion for a default judgment of support,
we vacate the order of dismissal and remand for further
proceedings.

I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs filed a verified complaint for support against defendant. The complaint alleged that defendant did not live with the minor child but had acknowledged that he was the father. It further alleged that defendant had the ability to provide support for the child.

A default was entered against defendant for his failure to respond to the summons and complaint and thereafter plaintiffs filed a motion for a default judgment. At the hearing on plaintiffs' motion, the assistant prosecuting attorney was present on behalf of DHS; however, Glambin and defendant failed to appear. The following exchange took place:

> *The Court*: Is Jessica Glambin in the courtroom, please.
>
> *Ms. Kirschner*: Beth Naftaly Kirshner, assistant prosecuting attorney on behalf of plaintiff.
>
> This is circuit court file number 2012-1202-DS. Excuse me. We're asking that you enter a default judgement [sic] of support in this matter.
>
> The defendant was personally served by our investigator on March 23rd of 2012. He failed to appear for a support interview in June. A default was entered on June 14th, notice of this hearing, along with a copy of the proposed judgement [sic] were mailed to him on July 27th of 2012. Because he failed to appear, on behalf of DHS and the plaintiff, we're asking that you enter an order in the amount of $403, effective February 27, 2012.
>
> *The Court*: This matter was set for 9:00 a.m. Plaintiff, Jessica Glambin, having failed to appear, as well as the respondent, defendant, Keith Anderson, the Court's going to decline the request to enter the support order today, dismiss the matter without prejudice.
>
> *Ms. Kirshner*: Again, for the record, I would indicate that we contract with DHS for [Title IV-D] services and we

would ask that you enter on behalf of DHS, whether the plaintiff is cooperative or not.

*The Court*: Thank you. Your request is respectfully denied.

Plaintiffs filed a motion for reconsideration, arguing that the court erred by dismissing plaintiffs' case on the basis of Glambin's failure to appear. Plaintiffs argued that, pursuant to MCL 552.452, Glambin was not required to be present at the hearing. Plaintiffs requested that the case be reinstated and that a default judgment of support be entered as originally requested.

The trial court denied the motion for reconsideration, finding no palpable error. The trial court explained its ruling:

> The Prosecutor relies on MCL 552.452, which provides in part that:
>
>> (1) Upon the hearing of the complaint, in the manner of a motion, the court may enter an order as it determines proper for the support of the petitioner and the minor child . . . [.]
>
> While Glambin's presence at the hearing was not technically required under the statute, the Court still had the discretion to deny the Prosecutor's motion to enter the default Judgment of Support for her failure to appear inasmuch as the statute uses the permissive term "may" with respect to the Court's obligation to enter a support order. . . . The Court points out that Glambin failed to appear despite having been given notice that the hearing was set for September 24, 2012 at 9:00 A.M.
>
> MCL 552.452 also provides that:
>
>> (4) If there is no dispute regarding a child's custody, the court shall include in an order for support issued under this act specific provisions governing custody of and parenting time for the child in accordance with the child custody act of 1970, 1970 PA 91, MCL 722.21 to 722.31. . . . [.]

The proposed Judgment of Support contained specific provisions awarding sole custody to Glambin and reasonable parenting time to Anderson. In that both parties failed to appear at the hearing, the Court was unable to determine whether there was a dispute with regard to the child's custody.

Therefore, the verified complaint for support remained dismissed without prejudice. Plaintiffs now appeal as of right.

## II. ANALYSIS

On appeal, plaintiffs argue that the trial court erred when it denied their motion for reconsideration. We agree. We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008).

MCR 2.119(F)(3) provides:

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The rule does not categorically prevent a trial court from revisiting an issue even when the motion for reconsideration presents the same issue already ruled on; in fact, it allows considerable discretion to correct mistakes. *In re Moukalled Estate*, 269 Mich App 708, 714; 714 NW2d 400 (2006). We conclude that the trial

court abused its discretion when it denied plaintiffs' motion for reconsideration. In so doing, the trial court failed to correct its original error in dismissing the complaint on the basis of Glambin's failure to appear at the hearing on plaintiffs' motion for a default judgment.

Resolution of this case rests on our interpretation of provisions in the Family Support Act. We review de novo issues of statutory interpretation. *Lenawee Co v Wagley*, 301 Mich App 134, 167; 836 NW2d 193 (2013). "A court's primary purpose in interpreting a statute is to ascertain and effectuate legislative intent." *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). "The words contained in a statute provide us with the most reliable evidence of the Legislature's intent." *Green v Ziegelman*, 282 Mich App 292, 301; 767 NW2d 660 (2009). For that reason, "[i]f the language is clear and unambiguous, the statute must be enforced as written without judicial construction." *Petipren v Jaskowski*, 494 Mich 190, 201-202; 833 NW2d 247 (2013).

"Child support is not imposed for the benefit of the custodial parent, but rather to satisfy the present needs of the child." *Pellar v Pellar*, 178 Mich App 29, 35; 443 NW2d 427 (1989). "The Family Support Act . . . attempts to keep the public from having to support children whose parents are able to provide some financial support." *Witt v Seabrook*, 210 Mich App 299, 302; 533 NW2d 22 (1995). MCL 552.451b specifically provides:

> The director of social services or his or her designated representative or the director of the county department of social services of the county where the custodial parent or minor child or children or child or children who have reached 18 years of age reside or the director's designated representative may proceed in the same manner and under the same circumstances as provided in sections 1 and 1a [MCL 552.451 and MCL 552.451a] against the noncusto-

dial parent for the support of the custodial parent and minor child or children or child or children who have reached 18 years of age if the custodial parent and minor child or children or child or children who have reached 18 years of age or any of them are being supported, in whole or in part, by public assistance under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, being sections 400.1 to 400.121 of the Michigan Compiled Laws. The burden of proof shall be the same as provided in section 2 [MCL 552.452].

Thus, the statutory scheme "permits actions for child support against a noncustodial parent by *either* a custodial parent *or* the director of social services (now the director of the Family Independence Agency) if the child is supported by public assistance." *LME v ARS*, 261 Mich App 273, 279-280; 680 NW2d 902 (2004), citing MCL 552.451a and MCL 552.451b (original emphasis omitted; new emphasis added). In such actions, "the prosecuting attorney shall act as the attorney for the petitioner." MCL 552.454(1).

At issue in this case is the trial court's interpretation of MCL 552.452(1) and (4), which provide, in relevant part:

(1) Upon the hearing of the complaint, in the manner of a motion, the court may enter an order as it determines proper for the support of the petitioner and the minor child or children of the parties as prescribed in section 5 of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605. The order shall provide that payment shall be made to the friend of the court or the state disbursement unit. If the parent complained of opposes the entry of the order upon the ground that he or she is without sufficient financial ability to provide necessary shelter, food, care, clothing, and other support for his or her spouse and child or children, the burden of proving this lack of ability is on the parent against whom the complaint is made. . . .

\* \* \*

(4) If there is no dispute regarding a child's custody, the court shall include in an order for support issued under this act specific provisions governing custody of and parenting time for the child in accordance with the child custody act of 1970, 1970 PA 91, MCL 722.21 to 722. 31. If there is a dispute regarding custody of and parenting time for the child, the court shall include in an order for support issued under this act specific temporary provisions governing custody of and parenting time for the child. Pending a hearing on or other resolution of the dispute, the court may refer the matter to the office of the friend of the court for a written report and recommendation as provided in section 5 of the friend of the court act, 1982 PA 294, MCL 552.505. In a dispute regarding custody of and parenting time for a child, the prosecuting attorney is not required to represent either party regarding the dispute.

In denying plaintiffs' motion for reconsideration, the trial court explained that it was "unable to determine whether there was a dispute with regard to the child's custody," referring to MCL 552.452(4). However, defendant failed to respond to the allegations in plaintiffs' verified complaint, rendering the allegations true. "It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." *Wood v DAIIE*, 413 Mich 573, 578; 321 NW2d 653 (1982). Therefore, custody was not "in dispute" at the time of the default hearing; in fact, the record reflects that custody was completely uncontested.[1] Moreover, MCL 552.452(4)

---

[1] We also note that defendant established paternity by way of an affidavit of parentage. In such situations, "[t]he mother has initial custody of the child, without prejudice to the determination of either parent's custodial rights, until otherwise determined by the court or agreed upon by the parties in writing and acknowledged by the court. This grant of initial custody to the mother shall not, by itself, affect the rights of either parent in a proceeding to seek a court order for custody or parenting time." (Department of Community Health Form DCH-0682.) Defendant has made no attempt to challenge the parties' custody arrangement.

specifically provides for the issuance of a support order even if there *is* a custody dispute.

The trial court further cited the permissive use of the phrase "may enter an order" in MCL 552.452(1) as justification for refusing to enter a support order. However, there is nothing in the plain language of the statute requiring the custodial parent to appear at the hearing. In fact, MCL 552.454(1) specifically provides that "the prosecuting attorney shall act as the attorney for the petitioner," lending further support to the idea that a custodial parent's presence is unnecessary. And while the prosecuting attorney admits that he does not represent individuals as plaintiffs in support actions, it certainly represents the interests of both the DHS and the public in ensuring that non-custodial parents with the ability to provide financial support do so if their children are receiving public assistance. Requiring the custodial parent's presence at a hearing under MCL 552.452 could potentially impede the DHS's statutory right to seek support from a noncustodial parent if the custodial parent is uncooperative.

We find instructive the case of *Arnett v Arnett*, 98 Mich App 313; 296 NW2d 609 (1980), wherein the plaintiff, the child's custodial parent, filed an action for support against the defendant, who was the noncustodial parent. As here, "[t]he complaint [was] a form, presumably prepared by the prosecutor's staff or the Jackson County Department of Social Services, with blanks filled in by a typewriter, except for the signatures of the plaintiff, an assistant prosecuting attorney, and a notary public." *Id.* at 314. The defendant did not file an answer to the complaint, but appeared at the evidentiary hearing. "The record [was] silent as to whether or not the plaintiff appeared at the hearing." *Id.* At the hearing, the prosecutor intended to question

the defendant about his ability to pay, but the trial court insisted that the prosecutor first adduce proof of the marriage and paternity. When the prosecutor declined to do so, the trial court dismissed the action, finding that without information regarding marriage and paternity it lacked jurisdiction to grant relief. *Id.* at 314-315. This Court expressed its confusion:

> Although the [trial court's] order [of dismissal] seems to telegraph a *Serafin*[2] issue by the words "establish a right to support from the defendant by questioning of the defendant", it would be clear error to preclude the plaintiff herself from giving such testimony. So we are left with a bundle of surmises. Was the plaintiff uncooperative and/or unavailable? Was the defendant, though in default, unlettered, unrepresented? Was the defendant denying paternity? Were court and counsel involved in a procedural contest? Were court and counsel desirous of an appellate court precedent on the matter?
>
> It is such a tempest in a teapot that we are engaged in what amounts to a declaratory proceeding, but we will declare. [*Id.* at 315-316.]

This Court then cited MCL 552.451 and MCL 552.452 and noted that "[t]he fact that the [Family Support] [A]ct requires filing of a verified complaint rather than a complaint accompanied by a supporting affidavit of facts, and that the complaint be heard in the manner of a motion demonstrates a legislative intent to provide an expeditious procedure for obtaining child support orders." *Arnett*, 98 Mich App at 317. And, because the defendant offered no responsive pleading, "the claim or demand of the opposing party stands admitted, and judgment by default may be entered upon proof of damages . . . . Because plaintiff's allegations were ad-

---

[2] *Serafin v Serafin*, 401 Mich 629; 258 NW2d 461 (1977) (permitting husband and wife to rebut the presumption that a child born during the marriage was an issue of the marriage).

mitted, and, therefore, not at issue before the court, the court certainly could have accepted as fact the marriage and paternity information submitted under oath in her verified complaint." *Id.* (citations omitted). Nevertheless, "examination into defendant's financial status was necessary, despite his failure to respond to the complaint." *Id.* This Court concluded that the prosecutor should have been permitted to cross-examine the defendant on his ability to pay without first proving the existence of a marriage or paternity. *Id.* at 317-318.

Similarly here, given defendant's failure to respond to plaintiffs' complaint, the allegations therein were deemed admitted, including Glambin's claim that custody was not in dispute. Had defendant appeared at the evidentiary hearing, he may have been permitted to present evidence that he did not have the ability to pay and it would have been his burden to do so. Absent such a claim, his ability to pay was likewise deemed admitted and otherwise uncontested. Moreover, as seen in *Arnett*, the custodial parent need not attend the hearing in order for the trial court to enter an order of support. The *Arnett* Court had no trouble resolving the issue before it, even absent proof that the custodial parent attended the hearing. The trial court erred when it dismissed the complaint on the basis of Glambin's failure to appear at the hearing on plaintiff's motion for a default judgment. Consequently, the trial court abused its discretion by denying the motion for reconsideration.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ., concurred.