# STATE OF MICHIGAN

# COURT OF APPEALS

---

GWENDOLYN BROOKS-WILEY,

        Plaintiff-Appellant,

v

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 17, 2015

No. 319286
Wayne Circuit Court
LC No. 13-002284-NF

---

Before: DONOFRIO, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

On February 15, 2013, plaintiff brought suit seeking personal injury protection (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq.*, following a motor vehicle accident. On March 6, 2013, defendant filed an answer denying liability to plaintiff, and filed a request for admissions related to plaintiff's injuries and claim.[1] When plaintiff did not respond

---

[1] Defendant's request for admissions stated the following:

> NOW COMES Defendant, QBE Insurance Corporation, . . . [and] hereby requests that Plaintiff admit the truth to the following statements of fact within twenty-eight (28) days pursuant to MCR 2.312 of the Michigan Court Rules.
>
> 1. Please admit that you are not claiming any wage loss benefits.
> 2. Please admit that you are not claiming any medical expenses.
> 3. Please admit that you are not claiming any attendant care.
> 4. Please admit that you are not claiming any medical mileage.
> 5. Please admit that you are not claiming any replacement services.
> 6. Please admit that you are not in need of any home modifications.
> 7. Please admit that you are not in need of further medical treatment.

-1-

to defendant's request for admissions, on August 2, 2013, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the statements within its request for admissions were deemed admitted under MCR 2.312(B)(1) and that plaintiff had no right to compensable first-party no-fault benefits.

Without permission from the court, on August 20, 2013, plaintiff filed a late response denying each of defendant's requested admissions. Plaintiff did not respond to defendant's motion for summary disposition. On August 30, 2013, the trial court held a hearing on defendant's motion for summary disposition, at which neither plaintiff nor her attorney appeared. According to plaintiff, her counsel erroneously believed that defendant withdrew its motion for summary disposition after plaintiff filed her late response to defendant's request for admissions. On September 3, 2013, the trial court granted defendant's motion for summary disposition on the basis of plaintiff's deemed admissions. On September 18, 2013, plaintiff filed a motion to withdraw her deemed admissions and for reconsideration of the court's summary disposition order. On November 8, 2013, the court denied both of plaintiff's requests.

## II. WITHDRAWAL OF ADMISSIONS

Plaintiff first argues that the trial court erred when it denied her motion to withdraw her deemed admissions. We disagree.

To begin, this issue was not properly preserved because it was not raised before, addressed by, or decided by the trial court. *Loutts v Loutts*, 298 Mich App 21, 23; 826 NW2d 152 (2012). Plaintiff did not raise any argument concerning her deemed admissions until she moved for reconsideration after the trial court granted defendant's motion for summary disposition. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Although unpreserved claims are not ordinarily subject to appellate review, "[t]his Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Id.* Because plaintiff's claim involves a question of law that only requires us to consider the procedural history of the case, review is appropriate. However, our review is "limited to plain error affecting substantial rights." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 738; 832 NW2d 401 (2013).

Pursuant to MCR 2.312(A), "a party may serve on another party a written request for the admission of the truth of a matter . . . that relates to statements or opinions of fact or the application of law to fact." Once a party has served a request for admissions, the receiving party must respond with a written answer or objection within 28 days, or "[e]ach matter as to which a request is made is deemed admitted." MCR 2.312(B)(1). "A matter admitted under [MCR 2.312] is conclusively established unless the court on motion permits withdrawal or amendment of an admission." MCR 2.312(D)(1). The trial court may allow a party to withdraw an admission "[f]or good cause." MCR 2.312(D)(1). "[T]he admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

In *Janczyk v Davis*, 125 Mich App 683, 692; 337 NW2d 272 (1983), this Court held that a trial judge must use a three-factor balancing test[2] "in determining whether or not to allow a party to file late answers." On appeal, plaintiff argues that the *Janczyk* test applies to this case. However, *Janczyk* involved a scenario in which a trial judge was asked to decide whether to allow a party to file a late answer to a request for admissions, and not whether to allow a party to withdraw deemed admissions. See *Bailey v Schaaf*, 293 Mich App 611, 622; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013) ("In *Janczyk v Davis*, this Court considered the standards by which a trial court should decide a party's motion to file *late* answers."). In the absence of a proper request to file late answers, this Court analyzes whether a request to withdraw deemed admissions is supported by good cause. *Medbury*, 190 Mich App at 556-557; MCR 2.312(D)(1).

In this case, plaintiff never moved the trial court to allow her to file a late response to defendant's request for admissions. Plaintiff has also not demonstrated good cause that would compel the trial court to grant her motion to withdraw her deemed admissions. Throughout the proceedings below, plaintiff failed to comply with defendant's discovery requests. Plaintiff failed to file any response to defendant's motion for summary disposition, and her counsel did not attend the hearing regarding defendant's motion for summary disposition. Although defendant served its request for admissions on plaintiff on March 6, 2013, plaintiff did not respond to the request until August 20, 2013, nearly five months after defendant's request for admissions were deemed admitted under MCR 2.312(B)(1). Further, plaintiff did not seek to withdraw her admissions until after the trial court granted defendant's motion for summary disposition. Accordingly, the trial court did not plainly err in denying plaintiff's motion to withdraw her deemed admissions.

### III. MOTION FOR RECONSIDERATION

Plaintiff next argues that the trial court abused its discretion in denying her motion to reconsider its order granting defendant's motion for summary disposition because she should have been allowed to withdraw her deemed admissions. We disagree.

---

[2] The *Janczyk* panel articulated the three-factor test as follows:

> [T]he trial judge is to balance three factors in determining whether or not to allow a party to file late answers. First, whether or not allowing the party to answer late will aid in the presentation of the action. In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits. . . . Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer. Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent. [*Janczyk*, 125 Mich App at 692-693 (internal citations and quotation marks omitted).]

A trial court's decision regarding whether to grant or deny a motion for reconsideration is reviewed for an abuse of discretion. *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 138; 796 NW2d 94 (2010). MCR 2.119(F)(3) provides the following:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

MCR 2.119(F)(3) "does not categorically prevent a trial court from revisiting an issue even when the motion for reconsideration presents the same issue already ruled on; in fact, it allows considerable discretion to correct mistakes." *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). Further, the "trial court may even give a party a second chance on a previously decided motion. *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009).

On appeal, plaintiff's only argument supporting her motion for reconsideration is that "most of the evidence supporting the defendant's motion for summary disposition consisted of the deemed admissions," which, she argues, the trial court should have allowed her to withdraw. This argument merely restates plaintiff's earlier contentions. Plaintiff has not demonstrated any palpable error by which the court and parties were misled. At the time of defendant's motion for summary disposition, plaintiff's deemed admissions indicated that she had no existing claim for first-party no-fault benefits under Michigan law. Although the trial court was permitted within its sound discretion to deny defendant's motion for summary disposition and allow plaintiff to withdraw her deemed admissions, nothing in the court rules required the court to do so. See MCR 2.312(D)(1) ("For good cause the court may allow a party to . . . withdraw an admission."). Plaintiff's abject failure to comply with the court rules regarding timely response to a request for admissions convinces us that the trial court did not abuse its discretion in denying her motion for reconsideration.

Affirmed.

/s/ Pat M. Donofrio
/s/ Michael J. Riordan
/s/ Michael F. Gadola

-4-