# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMED FADEL,

Plaintiff-Appellee,

v

WAFIEH EL-AKKARI,

Defendant-Appellant.

UNPUBLISHED
October 15, 2015

No. 321931
Wayne Circuit Court
Family Division
LC No. 13-103214-DO

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Following binding domestic relations arbitration, Wafieh El-Akkari was displeased with the results achieved. She initially convinced the circuit court to set aside the arbitration award, but on reconsideration, the court discerned no irregularity in the arbitration proceedings meriting such relief. The court entered a divorce judgment consistent with the arbitration award, which El-Akkari has now appealed. We, too, discern no error in the arbitration proceedings, and affirm.

## I. BACKGROUND

The parties were married for 11 years and had no children together. When plaintiff-husband, Mohamed Fadel, filed for divorce in 2013, he alleged that the parties had "accumulated real and personal property . . ., including but not limited to marital homes." The parties stipulated to participate in binding arbitration under the Domestic Relations Arbitration Act (DRAA), MCL 600.5070 *et seq.* The court ordered that a completed arbitration award be presented by December 10, 2013. The parties submitted to arbitration the issues of property and debt division and spousal support.

At issue is the manner in which the arbitration was conducted. The parties agreed to place their live testimonies before the arbitrator out of order, with El-Akkari testifying on the first day of the proceeding, and Fadel testifying later. The parties provided only direct testimony, with no opportunity for cross-examination, and recordings of the testimony were supplied to the parties. The arbitrator notified El-Akkari from the onset that she would have an opportunity to rebut Fadel's testimony, either live or in writing. When Fadel testified, the arbitrator reminded defense counsel that defendant could present rebuttal through "very brief testimony, or alternatively, she can give me a writing." El-Akkari asserts that she expressed her

-1-

desire to provide live rebuttal testimony, but that the arbitrator denied her request because of scheduling concerns. El-Akkari thereafter submitted two letters—one written personally and the other by counsel—outlining the points in Fadel's testimony with which she found issue and attached numerous supporting documents.

The arbitrator issued a preliminary award and offered the parties an opportunity to seek remediation of any perceived errors or omissions. El-Akkari raised concerns about the substance of the award, but did not complain about the denial of her request to provide live rebuttal testimony. Ultimately, the arbitrator awarded Fadel the marital residence. The arbitrator determined that El-Akkari had used marital funds to purchase a home for her parents and a rental home, and awarded those properties to her. The arbitrator also ordered El-Akkari to pay $250 monthly in spousal support to Fadel for a three-year period. The parties were awarded an equal division of the personal property within their marital residence as well as their own vehicles, retirement accounts, and "personal items." Each party also remained liable for their personal debts and any debts connected to the real property awarded to them.

El-Akkari filed a motion with the circuit court to vacate the arbitration award, citing the arbitrator's denial of her request to provide live rebuttal testimony. The court reviewed the recorded CDs of the arbitration proceedings and determined that the arbitrator had repeatedly emphasized El-Akkari's right to rebut Fadel's testimony and that the method of rebuttal, whether live or in writing, was left to the option of El-Akkari and her counsel. The arbitrator's subsequent rejection of El-Akkari's request, the court concluded, violated her right to due process and required vacation of the arbitration award.

Fadel sought reconsideration of the vacation order. He noted that El-Akkari did not complain of the lack of live rebuttal in her motion to the arbitrator to correct errors in the award. Fadel further emphasized that El-Akkari did have the opportunity to rebut his testimony and accepted that opportunity by providing two letters and supporting documentation to the arbitrator. The circuit court granted Fadel's reconsideration motion, ruling: "Upon further reflection, the question before the Court is not whether she was given an opportunity to testify *live* on rebuttal, but whether Defendant was given a meaningful opportunity to be heard on the issues, as required by MCL 600.5081(2)(d)." The court reviewed the record and noted that both El-Akkari and her counsel submitted rebuttal letters to the arbitrator, in addition to several rebuttal exhibits. The arbitrator considered these documents before issuing the final arbitration award, adequately protecting El-Akkari's rights.

The court subsequently entered a divorce judgment consistent with the arbitration award. This appeal followed.

## II. ANALYSIS

El-Akkari contends that the vacation of the arbitration award is supported by MCL 600.5081(2)(d), because the arbitrator refused to take her live rebuttal testimony. El-Akkari was prejudiced as a result of the arbitrator's actions, she continues, because the arbitration award inequitably allotted 100% of the marital estate plus spousal support to Fadel. The circuit court subsequently abused its discretion by granting Fadel's motion for reconsideration and reinstating the arbitration award, she concludes.

-2-

We review de novo a circuit court's decision on a motion to vacate an arbitration award. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). Our review is "extremely limited." *Id.* We may not review the arbitrator's factual findings or decision on the merits, and no court may substitute its judgment for that of the arbitrator. *City of Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). We review for an abuse of discretion a circuit court's ruling on a motion for reconsideration. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

Circuit court vacation of an arbitration award entered under the DRAA is governed by MCL 600.5081, which provides, in relevant part:

> (2) If a party applies under this section, the court shall vacate an award under any of the following circumstances:

> (a) The award was procured by corruption, fraud, or other undue means.

> (b) There was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.

> (c) The arbitrator exceeded his or her powers.

> (d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.[1]

On appeal, El-Akkari contends that the circuit court's first decision was correct and it properly vacated the arbitration award under subsection (d). Specifically, El-Akkari argues that the arbitrator refused to hear evidence material to the controversy and otherwise conducted the hearing in a manner that substantially prejudiced her rights. "The DRAA does not define 'hear' or 'hearing' " and "sets no procedural requirements for arbitration." *Miller v Miller*, 474 Mich 27, 31; 707 NW2d 341 (2005). Absent strictures and formal procedural requirements, the "parties in arbitration are able to shape the parameters and procedures of the proceeding." *Id*. at 32.

In *Miller*, 474 Mich at 33, the Supreme Court held that omission of procedural requirements in the DRAA was a signal that the Legislature did not intend domestic relations arbitration to mirror "traditional court hearings." However, at the onset of arbitration, "the parties will discuss with the arbitrator the scope of the issues and how information necessary for their resolution will be produced." *Id*. at 32, citing MCL 600.5076. In *Miller*, the arbitrator

---

[1] The circuit court and the parties frequently referred to this action as one to vacate the award under MCL 600.5081, MCR 3.602, or both. MCR 3.602 governs *general* arbitration proceedings, and therefore the more specific statute governs here. We note however that MCR 3.602(J)(d) is identical to MCL 600.5081(2)(d).

employed an informal method consistent with the DRAA; he seated the parties in separate rooms and "shuttled between them, gathering the necessary information and hearing the respective arguments." *Id.* at 29.

In this case, the arbitrator similarly used an informal method of conducting the arbitration; he took the direct testimony of the parties out of order and allowed the defendant in the divorce action an opportunity to rebut the plaintiff's testimony. In relation to El-Akkari's right to rebut Fadel's testimony, the arbitrator stated on October 10, 2013, that he would hear Fadel's testimony "sometime next week" and then El-Akkari "will have the last right of rebuttal. She may do that live in person, she can do that by letter, she can waive it . . . . So it's completely up to her." At the onset of Fadel's testimony on October 31, the arbitrator reiterated that he would "provide a right of rebuttal to the defendant." The arbitrator notified defense counsel that "she can bring her client back in here and give me a very brief, underscore . . ., very brief testimony, or alternatively, she can give me a writing." At the end of Fadel's testimony, the arbitrator warned El-Akkari, "you have a right to a rebuttal, you can exercise it if you want, but I don't know that it's going to make much of a difference, okay?"

Defense counsel attested that she received the recording of Fadel's testimony on November 6, and immediately contacted the arbitrator to arrange for her client to provide live rebuttal testimony. The arbitrator cited scheduling concerns and denied counsel's request. El-Akkari then collected documents and personally visited the arbitrator's office. The arbitrator "refused to meet with her" and instructed El-Akkari to leave her evidence for his review.

The hole in El-Akkari's challenge to the procedure employed by the arbitrator is that nothing in the DRAA required the arbitrator to hear live rebuttal testimony. In fact, in the context of the Administrative Procedures Act, MCL 24.201 *et seq.*, this Court has held that "an oral hearing is not necessary to provide a meaningful opportunity to be heard," and the lack thereof does not automatically amount a due process violation. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459-460; 688 NW2d 523 (2004). The arbitrator did initially state that El-Akkari had the option to provide live rebuttal testimony. By reneging on that offer, however, the arbitrator did not refuse to hear material evidence. The arbitrator accepted El-Akkari's letters and exhibits and considered them before formulating an award.

And El-Akkari has not established that her rights were substantially prejudiced. El-Akkari's concerns were heard and considered. She has not shown, or even averred, that she would have presented different evidence had she testified in person. Accordingly, we cannot find that the arbitrator would have divided the marital estate any differently. As El-Akkari failed to establish entitlement to relief under MCL 600.5081(2)(d), the circuit court did not err in ultimately rejecting her bid to vacate the arbitration award.

El-Akkari further argues, however, that the circuit court abused its discretion in considering Fadel's reconsideration motion in the first instance. We discern no error in this regard.

-4-

Pursuant to MCR 2.119(F)(3):

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Under this court rule, "a trial court has unrestricted discretion to review its previous decision." *Prentis Family Foundation, Inc v Karmanos Cancer Institute*, 266 Mich App 39, 52-53; 698 NW2d 900 (2005). Despite the first sentence of the rule, a court is permitted to revisit its decision and correct its mistakes, even if the moving party presents no new issues in its motion. *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). Describing the broad discretion allowed under this rule, this Court has further stated:

> If a trial court wants to give a "second chance" to a motion it has previously denied, it has every right to do so, and this court rule does nothing to prevent this exercise of discretion. All this rule does is provide the trial court with some guidance on when it may wish to deny motions for rehearing. [*Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 723; 394 NW2d 82 (1986).]

The circuit court acted within its discretion in revisiting its initial decision to vacate the arbitration award. The court stated its belief that it erred in determining that the arbitrator was required to permit El-Akkari's live rebuttal, rather than simply a meaningful opportunity to be heard. The court reevaluated the record and the reconsideration order reveals the court's increased familiarity with the case, supporting the court's conclusion that its original order was erroneous. The court's second turn through the record convinced the court that the arbitrator had not specifically promised El-Akkari the chance to present live rebuttal testimony and that the arbitrator had in fact reviewed El-Akkari's supplemental evidence. Accordingly, the order reinstating the arbitration award upon reconsideration clearly reflects the court's determination that palpable error underscored its prior ruling.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy