# STATE OF MICHIGAN

# COURT OF APPEALS

BENNENA ROE, formerly known as BENNENA CARPER,

Plaintiff-Appellant,

v

SEBASTIAN ROE,

Defendant-Appellee.

UNPUBLISHED
August 22, 2017

No. 336452
Gladwin Circuit Court
Family Division
LC No. 11-006000-DS

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

In this custody dispute, plaintiff appeals by right the trial court's order granting defendant's motion to change physical custody of the parties' three minor children from plaintiff to defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties married in 2006, separated in 2010, and divorced in 2014. Defendant is a soldier in the United States Army who was deployed overseas numerous times during the course of the marriage. The record shows that the children lived primarily with plaintiff since 2010. In April 2012, the trial court entered a custody and support order that awarded the parties joint legal custody of the children, awarded plaintiff sole physical custody, and ordered defendant to pay child support. After his last overseas deployment in early 2014, defendant began exercising his parenting time with the children during the summer months. Defendant also remarried in May 2014. The record indicates that defendant has been stationed in Georgia since 2015 and that he anticipates remaining at that location for at least six years.

In 2016, two of the children disclosed to defendant or defendant's family members that they had been sexually abused while in plaintiff's care. The abuse was allegedly perpetrated by the son of a man who had been living with plaintiff since 2011. Both allegations were investigated and found to be unsubstantiated. Following the second allegation, plaintiff decided that the alleged abuser could no longer live in her home.

In September 2016, defendant moved the trial court to modify the custody order, seeking physical custody of the children and asserting that there had been a change of circumstances

-1-

warranting modification of the custody order. Plaintiff, acting in propria persona, filed a response, and the trial court sent her notice of a hearing set for November 30, 2016. At the hearing, plaintiff requested an adjournment or continuance, informing the trial court, "I haven't been able to come up with enough funds for a lawyer yet." The court denied the motion, stating that "[w]e have parties that are present and who have made an effort to be present today, so—as have I, so we're going to proceed." Defendant and his wife had traveled from Georgia to attend the hearing. The court heard testimony from the parties, defendant's wife, a Department of Health and Human Services employee, and woman who testified that she had observed plaintiff smoking marijuana in the presence of the parties' children.

The trial court determined that there had been a change of circumstances since the entry of the last custody order that warranted revisiting that order. Specifically, the court found that "at the time of the original order, the defendant, due to his work and his commitment with the military, was not in a position where he could provide care and physical custody for the children," a circumstance that "has certainly changed." The court also found "there have been a number of issues which call into question the stability of the existing custodial environment." The court then addressed each best-interest factor under MCL 722.23, finding that most of the factors either favored defendant or were neutral. For example, with regard to the "length of time the child or children have lived in a stable, satisfactory environment, and desirability of maintaining continuity," the court found that there "has been a number of problems," explaining that "the failure to be responsible in terms of the instincts to protect the children is a question very much that unfortunately I have answered in the negative with respect to mom." The court stated that the children "shouldn't be exposed" to their maternal grandfather, a "registered sex offender." The court noted that the allegations regarding sexual abuse by another child living in the home were "perhaps unproven allegations," but reasoned that "there's enough that there is an obligation to protect children, and it does not appear that mom took that responsibility serious [sic] enough." The trial court determined that the parties would continue to have joint legal custody of the children and granted defendant physical custody, with plaintiff granted parenting time in the summer months and during holiday breaks.

This appeal followed.

## II. DENIAL OF REQUEST FOR ADJOURNMENT

Plaintiff argues that the trial court erred by denying her oral motion for an adjournment on the day of the hearing on defendant's motion. We disagree. We review for an abuse of discretion a trial court's decision to grant or deny an adjournment. See *Soumis v Soumis*, 218 Mich App 27, 32; 553 NW2d 619 (1996). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Macomb Co Dep't of Human Serv v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014).

"Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court based on good cause." MCR 2.503(B)(1). "In its discretion the court may grant an adjournment to promote the cause of justice." MCR 2.503(D)(1). A trial court acts within its discretion to deny an adjournment when the "combination of numerous past continuances, failure of the movant to exercise due diligence,

and lack of any injustice to the movant" supports a denial. *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).

Plaintiff argues that the factors listed in *Tisbury* were absent in this case. Specifically, she maintains that she exercised due diligence in this case by contacting an attorney before the hearing and by saving money for a retainer. The record does not reflect the efforts that plaintiff made to retain an attorney, but it does reflect that plaintiff waited until the date and time of the motion hearing to notify the court of her inability to retain counsel. Even assuming that plaintiff was not notified of the hearing date until the day she filed her response to defendant's motion, she had over a month to obtain counsel or to request additional time from the court. At the time of her request, plaintiff did not state how much additional time she would need to obtain counsel or what steps she had taken to obtain counsel, apart from stating that she had "talked" to an attorney at some point. Additionally, the trial court noted that defendant and defendant's witnesses had travelled from Georgia to attend the hearing. A delay in the proceedings would have necessitated further interstate travel at later time. Plaintiff could have spared defendant and his witnesses this burden by requesting an adjournment at any point before the motion hearing. The trial court was within its discretion to find that plaintiff had not exercised due diligence in attempting to obtain counsel for this hearing and in not requesting an adjournment until the date and time set for the hearing.

Further, with respect to whether the denial of an adjournment would cause injustice to plaintiff, plaintiff argues that an "attorney could have objected to the hearsay statements that were introduced" and "also would have objected to the introduction of allegations that predated the last custody order." It is not clear what statements plaintiff alleges to be hearsay. The transcript page cited by plaintiff contains defendant's testimony about medical care the children received while in his care as well as their school behavior; it does not contain unsworn, out-of-court statements offered to prove the truth of the matter asserted. See MRE 801(c); *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). Plaintiff is correct that testimony concerning a "marijuana charge" involving the man she had been living with predated the first custody order, and therefore was not relevant to whether a "change of circumstances" existed to modify that order. MCL 722.27(1)(c). However, even if plaintiff had been represented by counsel, and even if counsel had objected to this evidence, it is not likely that the objection would have led to a different result, given the trial court's statement that "this wasn't at all even remotely a close call in terms of the custody question."

We conclude that the trial court's denial of plaintiff's oral motion for an adjournment fell within the range of principled outcomes. *Macomb Co Dep't of Human Serv*, 304 Mich App at 754.

## III. CHANGE OF CIRCUMSTANCES

Plaintiff further argues that the trial court erred by finding a sufficient change of circumstances to warrant revisiting the custody order. We disagree. A trial court's order resolving a child custody dispute "shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of

circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). A finding is against the great weight of evidence when "the evidence clearly preponderates in the opposite direction." *McIntosh v McIntosh*, 282 Mich App 471, 474; 768 NW2d 325 (2009).

The Child Custody Act, MCL 722.21 *et seq*., allows a trial court to "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances," as long as the modification would be in the child's best interests. MCL 722.27(1)(c). "[I]n order to establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). To constitute a change of circumstances under MCL 722.27(1)(c), "the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

Plaintiff argues that the changes in defendant's circumstances were insufficient to warrant revisiting the custody order because they were merely "normal life changes." The "normal life changes" identified by *Vodvarka* refer to changes in the *child's* life. See *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 658; 808 NW2d 811 (2011). Here the court was dealing with a change in defendant's circumstances (as they affected his ability to care for his children). Further, we reject plaintiff's assertion that defendant's newly acquired ability to provide physical care and custody for his children does not have or could not have a significant effect on the children's well-being. The record indicates that defendant and his wife have successful military careers and newly-acquired stability in their living situation. Further, two of the children are struggling in school and defendant's wife outlined her plans for the children's education.

The trial court also stated that a "number of issues" regarding the "existing custodial environment" (i.e., plaintiff's custody) were part of the changes of circumstances in this case.[1] The record indicates that there were numerous concerns regarding plaintiff's live-in male

---

[1] Plaintiff presents a cursory argument regarding the trial court's failure to expressly find whether an established custodial environment existed and to articulate the applicable burden of proof. It is clear from the record that in referencing the "existing custodial environment," the trial court found that an established custodial environment existed with plaintiff. And although it did not articulate defendant's burden of proof, the court stated "this wasn't at all even remotely a close call in terms of the custody question for the Court. It was—was not a close call. It was overwhelmingly in support of, in my mind, the decision that I made". This characterization of the evidence comports with the clear and convincing evidentiary standard. See *Black's Law Dictionary* (10th ed). We find any error by the trial court in failing to explicitly state defendant's burden of proof to be harmless in light of the trial court's statements regarding the evidence in support of its ruling. See *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994).

companion, including a substantiated Child Protective Services referral that "entailed the possible production of meth" in plaintiff's home. And although unsubstantiated, two of the children alleged that they had been sexually abused while in plaintiff's care. We conclude that the trial court's decision that a change of circumstances existed was not against the great weight of the evidence. *McIntosh*, 282 Mich App at 474.

## IV. CHANGE OF CUSTODY

Finally, plaintiff argues that the trial court erred by finding that the defendant proved by clear and convincing evidence that granting him physical custody was in the children's best interests. We disagree. The trial court's determination regarding a child's best interests is a question of fact. *Shade v Wright*, 291 Mich App 17, 22; 805 NW2d 1 (2010). "[A] court's ultimate finding regarding a particular [best-interest] factor is a factual finding that can be set aside if it is against the great weight of the evidence." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994). A trial court's factual finding is against the great weight of evidence when "the evidence clearly preponderates in the opposite direction." *McIntosh*, 282 Mich App at 474.. "[T]he trial court has discretion to accord differing weight to the best-interest factors." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336, lv den 482 Mich 896 (2008).

MCL 722.23 defines the "best interests of the child" as the "sum total" of the factors set forth in MCL 722.23(a)-(*l*). "In child custody cases, the family court must consider all the factors delineated in MCL 722.23 and explicitly state its findings and conclusions with respect to each of them." *Spires v Bergman*, 276 Mich App 432, 443; 741 NW2d 523 (2007). A trial court's findings regarding the best-interest factors are questions of fact. *Fletcher*, 447 Mich at 881.

Plaintiff argues that the trial court erred by finding that the following best-interest factors weighed in defendant's favor:

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

* * *

(h) The home, school, and community record of the child.

We agree with plaintiff that the trial court incorrectly analyzed factor (e) by comparing defendant's home to plaintiff's home. See *Ireland v Smith*, 214 Mich App 235, 246; 542 NW2d 344 (1995), mod 451 Mich 457 (1996) (concluding that "the trial court committed clear legal error in considering the 'acceptability' of the parties' homes and child-care arrangements under this factor"). This factor "exclusively concerns whether the family unit will remain intact" and does not invite the trial court to evaluate "whether one custodial home would be more acceptable than the other." *Id*. (quotation marks and citation omitted).

However, we have reviewed the record and conclude that the evidence did not clearly preponderate against the trial court's findings on the other factors. *McIntosh*, 282 Mich App at 474. With regard to factor (b), the trial court stated that defendant "seems to be more responsible" than plaintiff, and had more support for parenting the children. Defendant's wife testified to her and defendant's ability to support the children academically and to help them control their behavior. The trial court also heard testimony that two of the children were then performing poorly in school.

Regarding factor (c), the trial court found that "[t]here are some concerns about medical—well, [plaintiff's] lack of being fully responsible with respect to medical and other needs, as well as potentially academic needs." There was some testimony about the children's dental and medical history, which was unremarkable. However, the trial court also heard testimony that the children would have full medical coverage under defendant, and that plaintiff was working part-time at a gas station and received food assistance. Defendant also testified to incidents in which the children arrived for summer visits with dirty clothes and "one backpack full of clothes for all three children." Although the evidence presented regarding this factor was not extensive, what evidence there was does not clearly preponderate against the trial court's finding. *Id*.

The trial court found that factor (d) weighed in defendant's favor because even though the sexual abuse allegations were "unproven," "there is an obligation to protect children, and it does not appear that mom took that responsibility serious [sic] enough." Despite plaintiff's argument to the contrary, the trial court's concern over her response to the allegations of sexual abuse was supported by the record. The testimony shows that the first allegation of sexual abuse was made in May 2016. Plaintiff took no steps to remove either her own children or her live-in companion's son from the home until after a second allegation of sexual abuse was made a few months later. Further, plaintiff continued to allow her father, a convicted sex offender, to see the children, although plaintiff testified that they were not left alone with him.

With regard to factor (f), "[t]he moral fitness of the parties involved," MCL 722.23(f), the court found that this factor "slightly favors dad" considering that "it's not in dispute that [plaintiff] smoked marijuana illegally and even, I conclude, in front of the children." "[C]onduct is relevant to factor f only if it is a type of conduct that necessarily has a significant influence on how one will function *as a parent*." *Fletcher*, 447 Mich at 887 (emphasis in original). Plaintiff argues that "[t]he court made no finding of how the mother's use of marijuana would have a

-6-

significant impact on [her] ability to parent the children." But the trial court heard testimony that plaintiff, who does not have a medical marijuana card, smoked marijuana not only in the presence of one of her children but while in a vehicle (although the record is unclear regarding who was driving). This behavior was not only illegal but dramatically increased the risk of arrest over, for example, merely smoking marijuana in her home. The evidence did not clearly preponderate against the trial court's finding regarding this factor. *McIntosh*, 282 Mich App at 474.

Regarding factor (h), the record again shows that two of the parties' children were struggling in school. Plaintiff testified that she had submitted "paperwork" for testing related to the child's educational needs on the day of the motion hearing. When asked why the child was just then being tested, plaintiff said that "they were going to do it the end of last year and then they decided to wait until the beginning of this year." Assuming this to be true, it does not explain why she waited until November 30, rather than at the "beginning of this [school] year," to start the process, given the child's demonstrated difficulties in school. And as stated, defendant's wife offered testimony concerning their ability to assist the children academically.

In sum, we conclude that while the trial court incorrectly analyzed factor (e), its findings that factors (b), (c), (d), (f), and (h) weighed in defendant's favor were not against the great weight of the evidence, nor was its overall assessment of the children's best interests. *Id*.

Affirmed.


/s/ Jane E. Markey
/s/ Mark T. Boonstra