GERSTENSCHLAGER v GERSTENSCHLAGER

Docket No. 300858. Submitted May 3, 2011, at Detroit. Decided May 19,
    2011, at 9:05 a.m.

    Plaintiff, Jeffrey C. Gerstenschlager, brought an action for divorce
    against defendant, Lori L. Gerstenschlager in the Huron Circuit
    Court. The May 2007 judgment of divorce awarded primary
    physical custody of the parties' two daughters to plaintiff, who
    lived in Michigan, but awarded primary physical custody of the
    parties' son to defendant, who lived in Virginia. In July 2010,
    plaintiff moved for a change of custody, seeking an order
    granting him primary physical custody of the parties' son.
    Following a hearing on the motion, the court found a change in
    circumstances on the basis of the facts that defendant had taken
    in boarders and that the parties' son was getting older. The
    court determined that an established custodial environment
    existed with defendant and, thus, weighed the statutory best-
    interest factors, concluding that clear and convincing evidence
    established that the child's best interests would be served if
    plaintiff were awarded primary physical custody of the parties'
    son. The court entered an order to that effect. Defendant
    appealed.

    The Court of Appeals *held*:

    Before modifying a child custody order, a court must deter-
    mine that the moving party has demonstrated proper cause or a
    change of circumstances sufficient to warrant reconsideration
    of the custody decision. The fact that a child is growing up and
    his or her needs and desires may have changed with age does not
    constitute a change of circumstances sufficient to warrant the
    reevaluation of a custody arrangement. The circuit court com-
    mitted clear legal error in determining otherwise. And the
    circuit court's determination that the presence of the boarders
    constituted a change of circumstances sufficient to warrant a
    reevaluation of the custody arrangement was manifestly against
    the great weight of the evidence given that the record indicated
    that there was effectively no interaction between the child and
    the boarders.

    Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CIRCUMSTANCES.

> Before modifying a child custody order, a court must determine that the moving party has demonstrated proper cause or a change of circumstances sufficient to warrant reconsideration of the custody decision; the fact that a child is growing up and his or her needs and desires may have changed with age does not constitute a change of circumstances sufficient to warrant the reevaluation of a custody arrangement.

*Ferris, Schwedler & Prill, P.C.* (by *Gerald M. Prill*), for plaintiff.

*Steven S. Vernier* for defendant.

Before: SAAD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM. Defendant appeals by right the circuit court's order changing primary physical custody of the parties' minor son from her to plaintiff. We reverse and remand for further proceedings consistent with this opinion.

I. FACTS

The parties divorced in 2007. The judgment of divorce awarded primary physical custody of the parties' two daughters to plaintiff, who lived in Michigan, but awarded primary physical custody of the parties' son to defendant, who lived in Virginia. The parties initially agreed to this division of parental responsibilities and also agreed that all three children would be together during the summers, residing alternately with each party.

In July 2010, plaintiff moved for a change of custody to allow the parties' son to live with him and join the parties' two daughters under his physical custody. In asserting a change of circumstances, plaintiff alleged that defendant tended to neglect the boy, that defendant had subjected the boy to erratic changes of residence, improper lan-

guage, and improper discipline tactics, and that defendant routinely entertained various overnight male visitors. Plaintiff additionally asserted that the boy wanted to live with him, and that it would be best if the child were united with his sisters.

At the hearing on the motion, defendant testified that she had two boarders living in her house, a police officer and a member of the Air Force. Defendant stated that she screened the boarders through their respective organizations and also obtained and checked their personal references. Defendant explained that she needed the income from the boarders to help satisfy her child-support obligations. Asked about the interaction between the boarders and the child, defendant replied, "Really none."

The circuit court found that the circumstances had changed insofar as defendant had taken in boarders and the child was getting older. Concerning the boarders, the court described their presence as "a big change," and elaborated, "[W]hen you come home you close that door, you have your space and your privacy and you let your hair down and relax. And I think that's kind of hard to do when there's . . . a stranger in the home. That's a huge difference in my opinion." Concerning the child's age, the court explained, "[W]hen they reach the age of 11, 12, 13 year[s] old, . . . the needs of a child change and the desires of a child chang[e], deep felt desires and needs."

The court then declared that an established custodial environment existed with defendant, and recited its attendant duty to weigh the statutory best-interest factors[1] to determine whether clear and convincing evidence warranted a change. After applying the factors, the court determined that clear and convincing evidence established that the child's best interests would be served if plaintiff acquired primary physical custody.

---

[1] MCL 722.23.

## II. STANDARDS OF REVIEW

All custody orders must be affirmed on appeal unless the circuit court's factual findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. MCL 722.28; *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). "When a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994) (opinion by BRICKLEY, J.).

## III. CHANGE OF CIRCUMSTANCES

Before modifying a child custody order, the circuit court must determine that the moving party has demonstrated either proper cause or a change of circumstances sufficient to warrant reconsideration of the custody decision. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). To establish a change of circumstances, the moving party must prove, by a preponderance of the evidence, that "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 513.

As explained previously, the circuit court determined that a change of circumstances had occurred on the alternative bases that the child was entering his teenage years and thus had changing needs and interests, and that defendant had taken two boarders into her house.

Concerning the child's age, *Vodvarka* advises that "over time there will always be some changes in a child's environment, behavior, and well-being," and thus that "the evidence must demonstrate something

more than the normal life changes (both good and bad) that occur during the life of a child . . . ." *Id.* The fact that a child is growing up, the fact that a child has started high school, and the fact that the child faces scheduling changes related to school and extra-curricular activities "are the type of normal life changes that occur during a child's life and that do not warrant a change in the child's custodial environment." *Shade v Wright*, 291 Mich App 17, 29; 805 NW2d 17 (2010). We conclude that, under the reasoning of *Vodvarka* and *Shade*, the circuit court committed clear legal error in determining that the child's changes in needs and desires in the ordinary course of growing up constituted a change of circumstances sufficient to warrant a re-evaluation of the custody arrangement.

Concerning the presence of two boarders in defendant's house, the circuit court concluded that this had resulted in "a big change" or "huge difference," and supposed that it compromised the child's "space," "privacy," and ability to let his "hair down and relax." But those ramifications on the child's life were not in evidence. Instead, the record evidence established that there was effectively no interaction between the child and the boarders. As defendant elaborated:

> [T]he police officer works full time during the day, he's also a volunteer for the fire department and he loves to go to the fires and emergencies and so he's gone most of the time, we rarely see him.
>
> The [Air Force member] works during the day full time and then he stays in his room mostly. They don't hardly even use the house, they just stay up in their rooms. I told them they're welcome to [use the house], but they don't.

The circuit court expressed no doubts concerning defendant's description of how her boarders conducted themselves, and there was no evidence to contradict it.

Indeed, the only evidence concerning the boarders suggested that their presence in the house was a matter of minimal consequence to the child. The circuit court's determination that the boarders' presence in the home constituted a change of circumstances sufficient to warrant a reevaluation of the custody arrangement was manifestly against the great weight of the evidence.

The circuit court erred by concluding that there was a change of circumstances sufficient to revisit the custody arrangement in this case. We therefore reverse and remand this case to the circuit court with instructions to restore defendant's primary physical custody of the subject child. Because we have reversed on this ground, we need not consider defendant's challenges to the circuit court's best-interests determination.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAAD, P.J., and JANSEN and K. F. KELLY, JJ., concurred.