# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA DONAJKOWSKI,

Plaintiff-Appellee,

v

CHRISTOPHER McGRATH,

Defendant-Appellant.

UNPUBLISHED
December 8, 2016

No. 332941
Alpena Circuit Court
Family Division
LC No. 15-006843-DC

Before: BOONSTRA, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right the order of the trial court denying his petition to change primary physical custody of the parties' son and daughter from plaintiff to himself. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties divorced in New York in 2011. The divorce judgment incorporated a settlement agreement in which the parties established joint legal custody over their two minor children and agreed that plaintiff would retain primary physical custody of the children, and defendant would be entitled to periods of parenting time during the children's school breaks. At the time of the divorce, defendant was a member of the armed services and was set to deploy for service in Afghanistan. The parties understood at the time of the divorce that plaintiff would move with the children from New York to Michigan. In 2014, defendant left the military and relocated to California. Both parties have remarried.

During the parties' marriage, their son was diagnosed with autism and exhibited disciplinary and aggression issues in school. These behavioral issues continued after the divorce. Also during the marriage, the parties discussed the possibility of their daughter having attention deficit hyperactivity disorder (ADHD). Shortly before trial, the daughter's school scheduled an evaluation to determine whether she was in need of instruction better suited to her circumstances. The record shows isolated instances of the parties' daughter disobeying plaintiff while in plaintiff's physical custody, as well as making at least one threat of suicide and self-harm. The daughter's therapist testified that the suicide threat and behavioral issues were the subject of the daughter's therapy sessions, and that as of her last appointment the daughter was not presenting a risk of self-harm.

-1-

A Child Protective Services (CPS) investigator also testified regarding a complaint made in September 2015 that the children had been disciplined with a belt, and another incident in which plaintiff had physically restrained her daughter, allegedly to keep her from hitting plaintiff. Although the case was still open, the investigator testified that plaintiff and her husband had agreed to forego corporal punishment of the children, plaintiff and her daughter had entered therapy, plaintiff had "completed Families First" (a parenting class), there were no further complaints of physical abuse, and the case was currently deemed to be one of lesser risk. The children were never removed from plaintiff's home.

At the close of proofs, the trial court dismissed defendant's petition, finding that defendant had not carried his burden to prove a change in circumstances since the entry of the current custody order or other proper cause sufficient to justify a best-interest determination. This appeal followed.

## II. STANDARD OF REVIEW.

In a child custody proceeding,

> the great weight of the evidence standard applies to all findings of fact. . . . An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) (internal quotation marks and citation omitted).]

To the extent that a trial court makes credibility determinations in making its findings, this Court should defer to the trial court. MCL 2.613(C) ("Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.").

## III. ANALYSIS

Defendant argues on appeal that the trial court clearly erred when it found that no proper cause or change in circumstances existed and dismissed defendant's petition, and that the trial court's decision was against the great weight of the evidence. We disagree.

A party petitioning the court for a change of custody bears the initial burden of proving "either proper cause or a change of circumstances sufficient to warrant reconsideration of the custody decision." *Gerstenschalger v Gerstenschalger*, 292 Mich App 654, 657; 808 NW2d 811 (2011). "Proper cause" and "change of circumstance" were defined in *Vodvarka v Grasmeyer*, 259 Mich App 499, 512-514; 675 NW2d 847 (2003) as follows:

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be

relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. . . .

* * *

. . . [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. . . . [T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors.

A court may revisit a current custody order by engaging in a best-interest review only if the movant establishes a proper cause or change in circumstances. MCL 722.27(c); *Dailey v Kloenhamer*, 291 Mich App 660, 666-667; 811 NW2d 501 (2011).

Although defendant asserts in his brief on appeal that the trial court's decision was clearly erroneous and was against the great weight of the evidence, he does not challenge any specific factual finding of the court or indicate what specific clear legal error the trial court is alleged to have committed. Instead, he refers to his statement of facts and insists that the court failed to appreciate that the facts as he has stated them did bring to light a change in circumstances, and argues that plaintiff's answers at the hearing were "evasive" and that the trial court should not have credited plaintiff as a witness. "It is not sufficient for a party simply to announce a position . . . and then leave it up to this Court to discover and rationalize the basis of his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). And we give deference to the trial court's special position in judging witness credibility. MCL 2.613(C). In any event, we discern no error in the trial court's findings and decision, nor do we find the trial court's decision to be against the great weight of the evidence.

With regard to the parties' son, the record shows the child was diagnosed with an autism spectrum disorder before the parties' divorce, and the child's medical diagnosis is not sufficient to prove a change in circumstances. See *Vodvarka*, 259 Mich App at 512-514. Although the defendant claims that the child's behavioral issues had worsened recently due to plaintiff's inconsistent provision of medication to the child, the court determined that there was no reasonable nexus between the alleged inconsistent medication and the child's behavioral issues and that the child's behavior had actually improved recently. These findings are supported by the weight of the evidence and are not clearly erroneous. The CPS investigator testified that after the issue of inconsistent medication was raised with plaintiff, plaintiff began employing a schedule for the son's medication, and his behavior improved. Further, an isolated incident in which plaintiff had forgotten to pack the son's medication before a trip to visit his grandparents was addressed appropriately by plaintiff.

As to the parties' daughter, the parties were aware at the time of the divorce that the child may have had ADHD. Further, isolated instances of disobedience, without more, are characteristic of a child "entering [her] teenage years [and experiencing] changing needs and interests," *Gerstenschalger*, 292 Mich App at 657-658, and are therefore no "more than the normal life changes (both good and bad) that occur during the life of a child," *Vodvarka*, 259 Mich App at 513-514. Plaintiff's remarriage is also the type of ordinary life change that does not warrant a best-interest determination. *Id*. And the daughter's issues with suicidal threats and self-harm, while serious, are being attended to by her therapist, school, and plaintiff. We therefore conclude that the trial court did not abuse its discretion in finding that these facts did not constitute proper cause or change in circumstances so as to warrant review of the custody order. *Id*.

Defendant additionally points out with regard to both children that CPS investigated two matters regarding the children's care in plaintiff's home. Although a CPS investigation that results in the removal of a child from the parent's home "is in and of itself sufficient evidence of a change in circumstances to warrant a trial court to consider a change of custody," *Shann v Shann*, 293 Mich App 302, 306; 809 NW2d 435 (2011), here the children were not removed from plaintiff's home. The record also shows that plaintiff complied with the CPS recommendations and completed services offered by CPS, and that the children remain in plaintiff's care. We agree with the trial court that these investigations have not had a significant impact upon the children sufficient to warrant review of the custody order. *Vodvarka*, 259 Mich App at 512-514.

Defendant's final argument is that his retirement from the military, remarriage, and relocation to California constitute a change in circumstances justifying revisiting the current custody order. The trial court did not address this argument. We conclude that it lacks merit. "The purpose of the proper-cause or change-of-circumstances requirement is 'to erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.'" *Frowner v Smith*, 296 Mich App 374, 384; 820 NW2d 235 (2012), quoting *Vodvarka*, 259 Mich at 509. Ever since the divorce, defendant has lived in a different state than have the children. Further, a parent's change of career and domicile are the type of normal life changes that occur in the life of a child. *Vodvarka*, 259 Mich App at 513-514. Defendant has not claimed that he is unable to exercise his parenting time under the current schedule. We conclude that the facts of defendant's retirement from the military, remarriage, and move to California do not establish proper cause or change in circumstances so as to warrant review of the custody order. *Vodvarka*, 259 Mich App at 512-514.

Affirmed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola