# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH DOIN,

        Plaintiff-Appellee,

v

RYAN VOGEL,

        Defendant-Appellant.

UNPUBLISHED
October 11, 2018

No. 343523
Ingham Circuit Court
LC No. 12-004276-DC

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order treating his motion for sole legal custody of the parties' minor child and for modification of plaintiff's parenting time as a motion for reconsideration and denying the motion. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

The parties have joint legal custody of the minor child. Initially, the parties agreed to joint physical custody and no child support. Beginning in September 2014, defendant was awarded primary physical custody. Plaintiff was granted parenting time mid-week and on alternating weekends. The parties' relationship has been fraught with acrimony and poor communication. The Friend of the Court conciliator recommended that the parties participate in family and individual therapy with the goal of reducing the parties' hostility towards one another. Defendant refused to participate, claiming that it was not in his or the child's best interests.

Beginning in 2015 through 2018, defendant filed several unsuccessful ex parte motions attempting to restrict plaintiff's parenting time. In March 2018, defendant filed a motion seeking sole legal custody, as well as a reduction of plaintiff's parenting time and to have her parenting time supervised. The trial court treated the motion as a motion for reconsideration of a ruling it had earlier made on parenting time issues and denied the motion, noting that defendant had not established palpable error but had merely presented the same issues. After defendant's motion for reconsideration was denied, this appeal followed.

-1-

## II. STANDARD OF REVIEW

Under MCL 722.28, all custody orders or judgments must be affirmed on appeal unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue. An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010) (citation omitted). "A court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Schoensee v Bennett*, 228 Mich App 305, 312; 577 NW2d 915 (1998). We review de novo the interpretation and application of statutes and court rules. *Brown v Loveman*, 260 Mich App 576, 591; 680 NW2d 432 (2004).

## III. ANALYSIS

Defendant argues that the trial court did not comply with MCR 3.210(C)(8) before denying his motion to modify custody and parenting time, and that he established proper cause or a change in circumstances sufficient to warrant a best interest hearing. We disagree.

MCL 722.27(1)(c) provides that a trial court may "modify or amend" a child custody order "for proper cause shown or because of change of circumstances" if doing so would be in the best interests of the child. In the context of a motion seeking a change in custody, to establish a "proper cause," the movant must prove by a preponderance of the evidence that an appropriate ground for legal action exists, which should be relevant to at least one of the twelve statutory best interest factors and of such magnitude as to have a significant effect on the child's well-being. *Vodvarka v Grasmeyer*, 259 Mich App 499, 511-512; 675 NW2d 847 (2003). To establish a "change of circumstances," the movant must prove by a preponderance of the evidence that, "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. In other words, "the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

In the context of a motion to modify a parenting time order, if a change in parenting time would change the established custodial environment of a child, the *Vodvarka* framework applies. *Shade*, 291 Mich App at 27. However, if the custodial environment would not change, normal life circumstances can give rise to cause for changing parenting time. *Id*. at 30-31 (holding that the "very normal life change" of "growing up" and becoming involved in activities that conflict with the parenting time schedule, "while insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time.")

As the moving party, defendant was required, as a threshold matter, to first demonstrate to the trial court either proper cause or a change of circumstances before the court could proceed to an analysis of whether the requested modification is in the child's best interests. *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 657; 808 NW2d 811 (2011); *Vodvarka*,

259 Mich App at 508-509. An evidentiary hearing is required before custody can be changed, but the preliminary determinations whether proper cause or change of circumstances allows further consideration does not necessarily require an evidentiary hearing. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). More specifically, MCR 3.210(C)(8) provides:

> In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion.

If there are disputed facts and the allegations, if proven, would constitute proper cause or a change in circumstances, the trial court must decide if an evidentiary hearing is required, i.e., it is a discretionary decision based on the facts of each case. *Vodvarka*, 259 Mich App at 512.

In this case, the record shows that defendant's motion to modify custody and parenting time was premised primarily on allegations that had been repeatedly raised and reviewed by the court. From 2015 to 2018, the trial court reviewed defendant's repeated assertions that the child had scabies or bedbug bites and a rash that purportedly stemmed from plaintiff's parenting time. These allegations have been raised numerous times and have been investigated through these several years. In December 2015, Child Protective Services promptly investigated defendant's complaint and found that plaintiff's house was clean and appropriate for minor children. In March 2016, the conciliator concluded that there was insufficient evidence that parenting time with plaintiff was the source of the child's bug bites and opined that defendant had reported specific incidences of the child's rashes in an attempt to gather evidence against plaintiff. The conciliator noted:

> . . . CPS informed [defendant] that his repeated calls and complaints against the Plaintiff-mother, in which there was not a preponderance of evidence to support the complaint, are 'counting against him' at this point. It appears to this conciliator that the defendant-father may be attempting to alienate the Plaintiff-mother from the minor as he is not satisfied with the Orders entered by this Court.

At a September 2016 hearing, plaintiff argued that defendant's offered medical evidence supporting his assertions that the child suffered from scabies or bug bites because of plaintiff's home was based on defendant's self-reporting to medical providers. Further, plaintiff provided documentation establishing that a skin scraping and microscopic analysis could only affirmatively diagnose scabies—which had not been done—and that bedbug bites did not pose a substantial health risk. The trial court concluded that the type and source of the bug bites and the child's rash were unknown and advised the parties to provide proof that the other parties' home was the source and that their respective homes were pest-free. Although plaintiff took photos of the child showing that he had no bites or "scabies" after her parenting time ended on October 8, 2016, defendant took the child to urgent care on October 10, 2016 where multiple insect bites were noted on his neck, back, chest, and upper and lower extremities. In November 2016, both parties provided documentation that their respective homes were free of bedbugs and fleas (defendant has two dogs).

-3-

In July 2017, defendant claimed that the child continued to suffer from bedbug bites; however, the medical evidence he provided reported that the child had bites caused by either bedbugs "or some other insect dermatitis" and that the child was not in acute distress. Defendant began to unilaterally deny plaintiff parenting time because of the alleged bedbug bites or scabies. In August 2017, medical providers concluded that the child's bug bites or rash were caused by bedbugs, insect bites, or mites. On August 29, 2017, plaintiff again provided documentation that her house was pest-free. In November 2017, the Friend of the Court conciliator, after a joint meeting, concluded that it had not been established that plaintiff's home was the source of the child's recurring rash and defendant was advised that he could not deny plaintiff parenting time because the child was "injured or infected." Defendant again sought ex parte relief after taking the child to urgent care on December 3, 2017 and reporting that the child had a rash because of bedbugs. The trial court denied that motion because of the lack of irreparable harm and referred that matter to the Friend of the Court for a referee hearing.

On January 29, 2018, plaintiff's home and her grandmother's home were inspected by a pest professional, approved by defendant, who concluded that there were no bedbugs or fleas. Plaintiff sought an order to show cause why defendant should not be held in contempt for repeatedly denying her parenting time despite showing that her house was not the source of the child's bug bites or rash. Ultimately, the trial court granted plaintiff reasonable attorney fees incurred in attending four unnecessary hearings and awarded her additional parenting time to make up for the times wrongfully denied by defendant.

On March 8, 2018, defendant again sought ex parte relief in an attempt to have plaintiff's parenting time supervised. Defendant continued to claim that plaintiff was the source of the child's bedbug bites or scabies. Evidence offered included a one-page summary from a February 11, 2018 urgent care visit. In less than two weeks from plaintiff's pest-free home inspections, defendant reported to medical providers that the child had scabies after plaintiff's parenting time. Although defendant repeatedly took the child to urgent care, nothing in the record indicates that defendant ever sought a skin scraping and microscopic analysis to support his repeated claim that the child suffered from scabies. Nonetheless "scabies" was cited as a reason for the visit and the child was prescribed a topical cream. Defendant also offered a medical report from a February 26, 2018 urgent care visit. The child was diagnosed with a diffuse and moderate rash and *nonspecific* insect bites. The child was observed to be well-developed, well-nourished, active, and not in distress. Defendant also asserted for the first time that plaintiff had exposed the child to secondhand smoke. The medical report noted secondhand smoke exposure and that both parents smoked. Defendant also claimed that the child was observed by medical providers to have bruise marks on his buttocks because plaintiff had beaten him with a belt. However, defendant's offered proof, the medical record, only noted barely visible lesions on the child's buttock, not bruising. Nothing in the offered medical evidence attributed the lesions or the presence of any marks to the child being struck by a belt. On March 9, 2018, defendant's motion was again denied for lack of irreparable harm.

On March 14, 2018 defendant filed the motion to modify custody and parenting time at issue. He cited factual allegations that were substantially similar to those raised in his March 8, 2018 ex parte motion. These allegations included that plaintiff was inactive in the child's healthcare, that she acted inappropriately while caring for the child, that she returned the child with insect bites, bedbug bites or scabies, and that she hit the child with a belt to the point of

bruising his buttocks. Defendant also alleged that plaintiff was unable to financially support the child during parenting time. Although plaintiff had been behind in child support payments which may have been indicative of financial difficulties, it did not show that she was remiss in caring for the child and changes in economic circumstances, standing alone, are insufficient to warrant revisiting a previously entered child custody order. See *Corporan*, 282 Mich App at 606-607. Regarding other asserted facts, defendant newly claimed that plaintiff was inactive in the child's academics, but did not assert that the child was struggling academically. If true, this fact did not rise to the level of a significant effect on the child's well-being or a material change that had or would almost certainly have an effect on the child, particularly given that defendant has sole physical custody and plaintiff only has alternating weekends and mid-week parenting time.

We conclude that even if the trial court erred when it reviewed defendant's motion to modify custody and parenting time as a motion for reconsideration, any error was harmless. Although defendant's motion sought sole legal custody and a restriction on plaintiff's parenting time, the factual underpinnings for the requested relief were essentially the same as they had been for several earlier motions. Defendant's claim that MCR 3.210(C)(8) was violated is without merit. Under that rule, the trial court was to determine by "requiring an offer of proof *or otherwise*" whether there were contested factual issues that must be resolved through an evidentiary hearing in order for the court to make an informed decision on the motion. MCR 3.210(C)(8). In this case, the trial court properly exercised its discretion when it concluded that no hearing was required to determine the factual issue claimed in defendant's motion pertaining to the child's bug bites and skin issues, and that the newly asserted "facts," if proved, would not constitute proper cause or a change in circumstances warranting a change in custody. See *Vodvarka*, 259 Mich App at 512.

The purpose of this threshold showing "is to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances." *Corporan*, 282 Mich App at 603. Here, defendant raised an unsubstantiated claim that plaintiff's house was the source of the child's bug bites and skin issues. But there was no serious dispute regarding the condition of plaintiff's home; it had repeatedly been cleared as the source of bugs and scabies by professional pest exterminators, as well as by Child Protective Services. Defendant also raised an unsubstantiated allegation of smoking in front of the child and that the child had been hit with a belt but no markings substantiated the assertion. There was an allegation of noninvolvement in schooling, but even if true this claim would not establish that a change from joint legal custody to sole legal custody would "have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka*, 259 Mich App at 511. Accordingly, defendant failed to meet the threshold of showing proper cause or a change in circumstances warranted a change in custody.

As for the parenting time issue, the trial court's implicit conclusion that defendant failed to meet the lower threshold necessary to change plaintiff's parenting time was also not in error. "Whereas the primary concern in child custody determinations is the stability of the child's environment and avoidance of unwarranted and disruptive custody changes, the focus of parenting time is to foster a strong relationship between the child and the child's parents." *Shade*, 291 Mich App at 28-29. Under the circumstance of this case, including: (1) the repeated failure to substantiate that the child's skin issues or bug bites emanated from plaintiff's home; (2)

that the medical record did not substantiate any abuse; (3) that occasionally smoking in the house does not rise to the level of proper cause or a change in circumstances justifying a reduction in parenting time; and (4) that reducing plaintiff's parenting time because of her alleged noninvolvement in schooling would do nothing to foster the relationship between her and the child, we agree with the trial court that defendant's allegations did not warrant a hearing on proper cause or a change in circumstances and, if accepted as true, did not establish proper cause or a change in circumstances sufficient to warrant a best interest hearing.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica