*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HE ZHANG,

      Plaintiff-Appellee,

v

XI LI,

      Defendant-Appellant.

UNPUBLISHED
June 11, 2019

No. 346335
Washtenaw Circuit Court
LC No. 17-000650-DM

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant-father appeals by right from the trial court's temporary order awarding joint legal custody and equal parenting time of the minor child to defendant and plaintiff-mother. Defendant's argument on appeal, however, relates to the trial court's denial of his motion to dismiss plaintiff's motion to change custody. We affirm the trial court's denial of defendant's motion to dismiss, but vacate the temporary orders changing legal custody.

## I. BACKGROUND

The parties were married in 2014 and one child was born to the couple in 2015. In August 2017, the parties divorced by way of a consent judgment that awarded defendant sole legal and physical custody of the minor child. The parties agreed that plaintiff could visit the child whenever she deemed proper and plaintiff appears to have frequently availed herself of this opportunity, exercising parenting time with the child weekly from Monday at 1:00 p.m. to Thursday at 2:00 p.m.

In May 2018, plaintiff filed a motion to modify custody and parenting time. Plaintiff alleged that the child had a receptive and expressive language disorder, a communicative cognitive delay, and below average motor skill development. Plaintiff also alleged that there was a possibility that the child had autism spectrum disorder (autism) and that defendant refused to allow the child to participate in an autism diagnostic evaluation. According to plaintiff, she was the primary caregiver for the child and the only parent attending to the child's speech therapy. Plaintiff requested that the trial court award the parties joint legal and physical custody of the child and parenting time on an alternating weekly basis.

The trial court held several hearings regarding plaintiff's motion. Plaintiff is fluent in English, but defendant speaks Mandarin Chinese and required the assistance of an interpreter during the hearings. In addition to plaintiff's concerns about autism, the child's speech therapist reported that the child exhibited "a moderate to severe delay in his receptive language development and moderate delay in his expressive language development. He used gestures to primarily communicate his needs." These speech issues qualified the child for special-education courses and the therapist recommended two sessions of speech therapy per week for at least 4 months. Plaintiff had enrolled the child in this therapy despite not having legal custody of him and there were concerns that defendant did not support this therapy. The child was being taught Mandarin in defendant's home and English in plaintiff's home. Although both parties appear to support a bilingual education, they disagreed on whether the child should attend a Mandarin-speaking school or an English-speaking school.

At the first hearing, the trial court found that there was proper cause and a change of circumstances regarding the child's medical welfare sufficient to revisit the custody order. The trial court found that the child had an established custodial environment—although it did not indicate with which party or parties that environment existed—and ordered the parties to share temporary joint legal custody and equal parenting time. The trial court referred the matter to the Friend of the Court to make a recommendation on custody and parenting time.

The trial court held a review hearing the next week. Between the initial hearing and the review hearing, the child had participated in an autism diagnostic evaluation which indicated that the child did not have autism, but showed minimal indicators of autism in two areas. Plaintiff disputed the results of this evaluation and the trial court ordered the parties to undergo a second evaluation. The temporary custody and parenting-time order was continued.

The second autism diagnostic evaluation returned the same results as the first evaluation: the child did not have autism but had minimal indicators of autism in two areas. In late August, the Friend of the Court recommended that the parties share joint legal and physical custody of the child. Shortly after receiving this recommendation the trial court held another hearing on plaintiff's motion to modify custody. At the hearing, defendant moved for the dismissal of plaintiff's motion to modify custody. According to defendant, the child's negative diagnosis for autism indicated that there was not proper cause or a change of circumstances to revisit the custody order. The trial court disagreed, reasoning that its prior determination was based on the child's possible autism diagnosis and his speech issues and the speech issues remained despite the negative autism evaluation. Accordingly, the trial court denied defendant's motion.

In an October 22, 2018, motion, the trial court referred the matter back to the Friend of the Court for a full hearing regarding custody, parenting time, and child support and continued the temporary custody arrangement. This appeal followed.[1]

_____

[1] The record is not clear whether the proceedings below were stayed pending the outcome of this appeal. Defendant filed the claim of appeal on November 9, 2018, but did not file his appellant brief until January 10, 2019. Five days later, on January 15, 2019, plaintiff filed her trial brief

## II. JURISDICTION

As an initial matter, in her brief on appeal, plaintiff argues that this Court lacks jurisdiction to decide defendant's appeal because the challenged order continued two previous orders awarding the parties joint legal custody and parenting time. Plaintiff raised the same issue in a motion to dismiss this appeal, which we denied. *Zhang v Li*, unpublished order of the Court of Appeals, entered February 28, 2019 (Docket No. 346335). MCR 7.203(A) provides an appeal of right from a final judgment or order of the circuit court as defined by MCR 7.202(6). MCR 7.202(6)(a)(iii) provided, at the time the claim of appeal was filed, that a final order in a domestic relations action is "a postjudgment order affecting the custody of the minor." While the same parenting time and custody arrangements were set forth in two earlier temporary orders, had the trial court granted defendant's motion to dismiss, the parties' custodial rights would have reverted to those set forth in the consent judgment, which awarded defendant sole legal custody. Therefore, by denying defendant's motion to dismiss and entering the temporary custody order, the trial court affected the custody of the minor child. See *Wardell v Hincka*, 297 Mich App 127, 132; 822 NW2d 278 (2012) (noting that an order affects custody when it "influences" the custodial arrangement.). The appeal is by right.[2]

## III. ANALYSIS

This Court has set forth the standard of review for cases involving the custody of minor children as follows:

> The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) (internal citation and block notation omitted).]

In child custody cases, an abuse of discretion takes place "when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013) (internal citation and quotation marks omitted). This Court applies the same standards of review for parenting time orders and custody orders. *Berger v Berger*, 277 Mich App 700, 716; 747 NW2d 336 (2008).

---

for the full custody hearing. The record does not contain a trial brief for defendant or any transcript for the full custody hearing; however, the record is only current as of February 4, 2019.

[2] We note that, even if this appeal were not by right, we would grant leave to expeditiously address whether cause existed to revisit the custody order. MCR 7.203(B)(1).

Where a current order governs the custody of a minor child, the party moving to modify that order must prove "either proper cause or a change of circumstances sufficient to warrant reconsideration of the custody decision." *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 657; 808 NW2d 811 (2011).

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. . . .

> \* \* \*

> [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. . . . [T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 512-514; 675 NW2d 847 (2003).]

If the movant establishes proper cause or a change in circumstances, the court may modify an established custody order if the court determines that the modification is in the child's best interests. MCL 722.27(c); *Dailey v Kloenhamer*, 291 Mich App 660, 665; 811 NW2d 501 (2011). "When a modification would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010). "If the proposed change does not change the established custodial environment, however, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Id.* If the movant does not establish proper cause or a change in circumstances, the trial court may not revisit the current custody order. *Dailey*, 291 Mich App at 666-667.

Defendant argues that the trial court erred by denying his motion to dismiss plaintiff's motion to change custody because proper cause or a change of circumstances did not exist to revisit the custody order given that the child did not have autism. We disagree. Concerns surrounding the "capacity and disposition of the parties involved to provide the child with . . . medical care" constitute proper cause to revisit the custody order. See MCL 722.23(c). Similarly, a health development with the potential to significantly affect the child's well-being constitutes a change of circumstances sufficient to revisit custody. See *Daily*, 291 Mich App at 666.

Although the possibility of an autism diagnosis was one factor leading the trial court to find proper cause and a change of circumstances, it was not the sole factor. The trial court's

decision was also based on the child's speech disorder. While many children will exhibit some speech difficulties during their early years, in this case, we are unable to conclude that the child's speech issues were simply "normal life changes." *Vodvarka*, 259 Mich App at 513-514. Indeed, these speech issues were severe enough to qualify the young child for special-education courses. Further complicating matters, the child—who spent significant time with both parents—was learning a different language with each parent and there is some evidence that defendant was reluctant to participate in the child's speech therapy. Additionally, while the evaluators did not diagnose the child with autism, the child did exhibit some characteristics typical of autism, which would likely need to be addressed in the future. Because the child's speech issues and autism-like characteristics were unknown at the time of the initial custody order and present a significant risk to the child's future well-being, we conclude that the trial court did not err by finding proper cause and a change of circumstances sufficient to revisit the custody order. Accordingly, the trial court did not err by denying defendant's motion to dismiss and setting the matter for a full custody hearing.[3]

That proper cause existed to *revisit* the custody order does not necessarily mean, however, that a change in custody was warranted. Rather, to change custody, the trial court must first make findings regarding the child's established custodial environment and best interests. Here, however, the trial court temporarily changed the parties' legal custody of the child without first determining what parent or parents the child had an established custodial environment with and whether the change would be in the child's best interests. "A trial court should not temporarily change custody by a postjudgment interim order when it could not do so by a final order changing custody." *Grew v Knox*, 265 Mich App 333, 337; 694 NW2d 772 (2005). "Whether a court is establishing custody in an original matter, or altering a prior custody order, the requirement is the same: specific findings of fact regarding each of twelve factors that are to be taken into account in determining the best interests of the child must be made." *Id*. (internal citation and quotation marks omitted). Therefore, because the trial court's temporary custody change was not supported by the requisite custodial-environment and best-interest findings, we must vacate the temporary orders changing the child's legal custody.

IV. CONCLUSION

We affirm the trial court's denial of defendant's motion to dismiss plaintiff's motion to change custody. We vacate the trial court's temporary orders granting legal custody to both

---

[3] We recognize that defendant, as the sole legal guardian, had the right to make unilateral medical decisions on the child's behalf. Our conclusion that a change of circumstances existed sufficient to warrant revisiting the custodial order does not rest on the parties' disagreement over medical services, but rather the need for those services in the first instance, defendant's reluctance to engage those services, and the unique challenge posed by the child's bilingual upbringing.

parties and, to the extent those orders are not rendered moot by a final custody order, remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly