*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD C. COWELL,

        Plaintiff-Appellee,

v

NICOLE MOTT,

        Defendant-Appellant.

UNPUBLISHED
May 29, 2025
2:37 PM

No. 372919
Van Buren Circuit Court
LC No. 2011-600763-DC

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this custody action, defendant appeals as of right the trial court's order denying her request for a change in custody of the parties' minor son, LM. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This custody dispute began in 2011. In a February 2012 judgment, the trial court awarded defendant sole physical custody of LM, awarded parenting time to plaintiff, and ordered that the parties share joint legal custody. In 2015, defendant moved to Florida, and plaintiff remained in Michigan. Custody and parenting time were modified several times after defendant's move. In 2018, plaintiff was granted sole physical and legal custody of LM. In 2020, the parties stipulated to share joint legal custody, and a parenting time schedule was implemented for defendant at her Florida residence. Defendant's parenting time schedule was expanded in 2022 by a stipulated order.

In February 2024, defendant moved to modify custody and parenting time, alleging that it was in LM's best interests to award defendant primary physical custody of LM and award plaintiff parenting time during school breaks and holidays. Defendant asserted that there was proper cause or a change of circumstances warranting a custody modification because LM had disciplinary issues at school, LM's grades had decreased, plaintiff allegedly deployed inappropriate disciplinary tactics, plaintiff allegedly failed to properly manage LM's attention-deficit/hyperactivity disorder (ADHD) diagnosis and treatment, the parties' communication was hostile and unproductive, plaintiff allegedly violated the joint legal custody requirements multiple times, and plaintiff was suspected of drug use.

-1-

Following a five-day evidentiary hearing that involved testimony from six witnesses, including the parties and LM, the Friend of the Court referee recommended that defendant's motion be denied because she did not demonstrate by a preponderance of the evidence that a change of circumstances had occurred or that proper cause was shown in order to revisit the issues of custody and parenting time. Defendant did not file objections to the referee's recommendation. The trial court entered an order adopting the referee's findings and recommendations and denied defendant's motion. Defendant now appeals.

## II. ANALYSIS

### A. PRESERVATION AND STANDARDS OF REVIEW

Generally, in a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Stoudemire v Thomas*, 344 Mich App 34, 42; 999 NW2d 43 (2022) (cleaned up).

However, because defendant did not file objections to the referee's recommendation within 21 days under MCL 552.507(4)[1] and MCR 3.215(E)(4),[2] the alleged error is unpreserved. *Rivette v Rose–Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). We review unpreserved issues in child-custody proceedings for plain error. *Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 7. Four elements must be established to show that a plain error occurred and reversal is warranted:

> 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) the plain error affected substantial rights, and 4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. [*Id*. (cleaned up).]

---

[1] MCL 552.507(4) provides:

> The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

[2] MCR 3.215(E)(4) provides:

> A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection and notice of hearing within 21 days after the referee's recommendation for an order is served on the attorneys for the parties, or the parties if they are not represented by counsel.

## B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant argues that the trial court's decision regarding proper cause or change of circumstances was legally and factually erroneous. We conclude that the trial court plainly erred by applying the improper burden of proof, the error affected LM's substantial rights, and reversal is warranted because the error seriously affected the fairness and integrity of the custody proceedings.

A trial court may only consider a change in custody if the movant establishes proper cause or a change in circumstances. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). This standard is intended "to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances." *Corporan v Henton*, 282 Mich App 599, 603; 766 NW2d 903 (2009). In *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003), this Court emphasized that the proper cause or change of circumstances threshold must be met *before* the trial court could "consider whether an established custodial environment exists . . . and conduct a review of the best interest factors." This Court concluded:

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being.
>
> * * *
>
> [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Id*. at 512-514.]

In this case, defendant raised multiple allegations that she maintained demonstrated proper cause or a change of circumstances to modify custody. The referee addressed each allegation individually. The trial court found several of defendant's allegations "unmoving," "unpersuasive," or "irrelevant." Although the trial court determined that the evidence supported some of defendant's allegations, it concluded that those issues would not be solved by modifying physical custody. Ultimately, the trial court concluded that "there was not a preponderance of the evidence to find a change of circumstances has occurred, or that a proper cause was shown, sufficient to revisit custody or parenting time." In reaching its conclusion, the trial court failed to evaluate whether the allegations that it deemed meritorious were legally sufficient grounds "of such magnitude to have a significant effect on [LM's] well-being[,]" or material changes that "have had or will almost certainly have an effect on [LM]." See *Vodvarka*, 259 Mich App at 512-514.

In particular, the trial court found that LM's ADHD was not being properly attended to because the 13-year-old was given the responsibility to manage his own medication, which he stopped taking. The trial court stated that allowing LM to be responsible for his own medication "seems illogical[.]" However, the trial court concluded that "the solution to this is not to modify custody, but to take that responsibility away from [LM]."

The trial court also found that the evidence supported defendant's allegations that there was an increase in LM's disciplinary issues at school, but noted that the parties disagreed about the reason for the increase and how to address it. The trial court acknowledged that testimony established "that at least some of [LM's] issues were related to changes in his home life and growing pains with it . . . and, to his ADHD." But the trial court was unpersuaded by defendant's claims

> that moving [LM] to Florida is the key to improving his behavior. After all, if both parents are making their own separate efforts to improve his behaviors *now*, to some apparent little effect, there is nothing to support a finding that moving [LM] to Florida will somehow be different.
>
> Moreover, there was sufficient testimony to conclude much, if not all, of [LM's] specific misbehavior in school was an act of self-sabotage meant to more easily allow the court, or Plaintiff [sic], to remove him from Michigan and send him to Florida, where he believes he will find a more permissive parent awaiting him. This view is reinforced by the way Defendant makes clear to [LM] that she wants him to live with her in Florida, so may be willing to permit him anything, as well as Defendant demanding arrests be made over the alleged assault before Defendant even tried to speak to Plaintiff about it, thereby elevating [LM's] statements above all others before considering any other explanations. In addition, while Defendant speaks of the value of positive reinforcement, she also stated that if [LM] is acting out as badly as he is to get to go to Florida, Plaintiff should just let him go. Which also means she is advocating rewarding his bad behavior.
>
> In the end, there was a preponderance of the evidence to conclude [LM] finds Defendant a more permissive, and enabling parent, and what parts of his misbehavior cannot be attributed to puberty, growing pains, his ADHD, and the normal struggles in a blended household, are the result of his attempts to create the circumstances for himself that will lead him to be sent to live in Florida.

"[A] proper cause or change in circumstance is a significant circumstance regarding one or more of the best-interest factors that has the potential for a significant effect on the well-being of the child or children whose custody is at issue." *Merecki v Merecki*, 336 Mich App 639, 646; 971 NW2d 659 (2021) (footnote omitted). The failure to manage the administration of LM's ADHD medication is directly relevant to the best-interest factor stated in MCL 722.23(c) (the capacity and disposition to provide the child with medical care) and LM's school-disciplinary issues are directly relevant to the best-interest factor stated in MCL 722.23(h) (the child's home, school, and community record). The trial court recognized that plaintiff was not managing LM's ADHD, and that LM's ADHD was a contributing factor to his school-disciplinary issues. The trial court further acknowledged that there was evidence that LM's school-disciplinary issues increased from 7 in

2021, 14 in 2022, 43 in 2023, and 30 in 2024 (as of the time of the August 2024 hearing). But the trial court did not examine whether these factors had "the potential for a significant effect on the well-being of" LM. *Merecki*, 336 Mich App at 646. Instead, the trial court concluded that a custody modification would not change the circumstances. A trial court must find that "either proper cause or a change of circumstances exists *before* the trial court can consider" the rest of the modification-of-custody analysis. *Vodvarka*, 259 Mich App at 509. The trial court plainly erred by applying the incorrect burden of proof.

The trial court also plainly erred by determining that LM's expressed preference to live with defendant was irrelevant "until a change of circumstances, or proper cause, is found[.]" One of the 12 statutory best-interest factors, MCL 722.23(i), considers "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express preference." Indeed, this Court has concluded that a child's expressed reasonable preference, alone, does not constitute[] a change of circumstances sufficient to warrant a reevaluation of the custody arrangement." *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 658; 808 NW2d 811 (2011). But, in this case, the trial court plainly erred by determining that the factor was irrelevant and by failing to examine whether it was "of such magnitude to have a significant effect on the child's well-being." *Vodvarka*, 259 Mich App at 512.

The trial court's plain error affected LM's substantial rights. As this court recently held, "we will not ignore the substantial rights of the child whose custody is being decided." *Quint*, __ Mich App at __; slip op at 8. While the trial court ultimately concluded that "there was not a preponderance of the evidence to find a change of circumstances has occurred, or that a proper cause was shown, sufficient to revisit custody or parenting time[,]" it reached that conclusion by applying a flawed analysis and an improper burden of proof by blaming 13-year-old LM and, as a matter of principle, declining to afford any benefit to him:

> [I]t is good policy to not allow that child—[LM]—to manufacture his own hardships through his misbehavior, in order to get what he wants, which in this case is moving to Florida. There was a preponderance of the evidence to conclude [LM] has created this situation with a goal in mind, and principle dictates that he should not be allowed to benefit from it.

The trial court never considered how LM's unmanaged ADHD, school-disciplinary issues, and reasonable preference to live with defendant affected LM's well-being. We conclude that the trial court's plain error seriously affected the fairness of the proceedings and thus reversal is warranted.[3] See *Quint*, __ Mich App at __; slip op at 7. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

On remand, the trial court must evaluate whether the grounds cited by defendant are "relevant to at least one of the twelve statutory best interest factors, and . . . of such magnitude to

---

[3] Defendant also argues that the trial court's finding that she failed to demonstrate a proper cause or change of circumstances was against the great weight of the evidence. We need not reach this question because the trial court's plain legal error requires us to reverse the trial court's order and remand. See *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014).

have a significant effect on [LM's] well-being[,]" *Vodvarka*, 259 Mich App at 512, or whether there have been material changes that "have had or will almost certainly have an effect on [LM,]" *id*. at 513-514. If the trial court concludes that proper cause or a change of circumstances has been established, the trial court must conduct a full change-of-custody hearing and examine the statutory best-interest factors of MCL 722.23 by considering up-to-date information, including LM's current and reasonable preferences and any other changes in circumstances arising since the original custody order. *Pierron v Pierron*, 282 Mich App 222, 262; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010). And the trial court "must make specific findings of fact regarding each of the 12 statutory best-interest factors." *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron